Chief Justice Robertson
delivered the Opinion of the Court.
At the instance of the defendant in error, the chancellor below decreed a rescission of a contract for land, which he (defendant) had bought from one of the plaintiffs) *352 (Prince,) and perpetuated injunctions which had been granted against two judgments, which had been obtained by others of the plaintiffs, against the defendant, for parts of the consideration of the land; and on cross bills,which they had filed against the assignor (Prince) decreed, also, in their favor, against him, the sums thus enjoined by the defendant.
Papers not admissible were read at the hearing of a chancery cause ; hut their only effect was to prove* facts amply established by other evidence-tlie cause is not reversed for that error.
Former suit for the same cause.
“The pendency •of a prior suit in chancery, between the same parties, for the •eame cause, may &e pleaded in hich he will proceed with. chancery. The pendency of a suit at law cannotbeplead-ed in chancery; but the plaintiff petled^o elect
*352 This writ of error is brought to reverse the decree rescinding the contract, and perpetuating the injunctions.
Several objections are urged against the decree.
First. On the hearing of the cause in the circuit court, papers, purporting to he copies of bonds for titles to the land sold by Prince to Lewis, were read, although théir admissibility was objected to ; and the plaintiffs contend, that the court erred in admitting them. That those documents were not such as the defendant had a legal right to use on the trial, this court, does not doubt. But the equity of the defendant would have been as available without them as it was with them. There was ample proof, that a sale of the land was the consideration of the notes ; and the only object of' using the copies of title bonds, was to shew that there had been a sale. That fact was indisputably established by other and competent evidence.
Second. It appears, that another suit in chancery, between the same parties, and probably for the same purpose, had been instituted by Lewis, long prior to the commencement of this suit, and had been in progress several years, when, a short time before the filing of the bill in this case, the injunctions to the judgments now enjoined, had been discharged, for want of a proper preparation, in reasonable time; and two of the answers averred, that that suit was still pending, when they were filed. Upon this ground, the counsel for the plaintiffs in error insist, that the circuit coiirt erred in not dismissing the bill in this the last suit.
The pendency of a prior suit in chancery may be pleaded to the prosecution of a subsequent suit in chancery between the same parties and upon the same equity. The ancient practice was the same, when a suit at law, and a bill in equity for the same cause, were pending at the *353 -sanie time. But the modern doctrine is, that the pendency •of a suit at law cannot be pleaded to a bill in chancerybut that the only proper course to prevent vexation in such a case, is, after answer, to apply to the court to compel the complainant to elect to proceed either at law, or in equity. The pendency of two bills, for the same cause, and T i . between the same parties, is, however, still a good
The . pendency of a prior suit must he presented, by plea, or motion to dismiss, as a ■prelimiminary question. As an incident,among man answer on th.® merits, it will not avail.When this de-made and estab^ lished,the chan-miaTthe*1 bulg- or, if the prior ^urt^and de-festive, he may °afof thatfand permit the complainant to proceed on his new bill. Con.'jnt to a bearing, waives the de-fence of a former suit pending.
Extraordinary, a cause, and ohar^e11^? the injunction, are not, in genera!, sufficient grounds for denying to the complainant the relief to which he shows himself entitled, in a new suit upon the same eauity. Should ari assignor become insolvent in the mean time, and the assignee thus lose by the delay, the circumstance would be entitled to consideration.
But in this case, the parties have not presented this . * r •matter in the proper mode. They did not plead the fact, but relied on it incidentally, among other defences on the merits, in their answers. They made no motion to dismiss the bill. They took no step for obtaining a decision on that, as a preliminary question. They have not even .filed the bilLin the first suit. Moreover, .this suit was prepared for a hearing on the merits, and was so heard by eonsent. Hence, it is evident that the objection new urged, cannot he sustained. Had the question been presented in a proper manner-, and urged at a proper time, the chancellor would have decided it before the case was-prepared for a hearing on the merits'; and, if he had ascertain- ° , ,_ ed the facts to be as averred, he would either have dismiss edthelast bill, and left Lewis to prosecute his first alone, ©r, had there been any material defect in the first bill, he might, if it were p.-nfling in h s own court, have dismissed that, and, upon the payment of costs by Lewis, have required answers to the last bill. Cooper's Equity, 275. Milford's Pleading, 199. But after this suit had been submitted for hearing upon the merits, and especially by consent, and after the first bill had probablv been dismiss- * ed, it would not be consistent with equity, or with chancery practice, to regard the allegations as to the pendency "of another bill. There could be but one available decree,and it is not material in which case it was pronounced.
Third. The vexatious delays in the first suit, (enjoining the judgments,) and the dissolution of the injunctions in that case, are urged against the equity of perpetuating the injunctions to the same judgments, in this case. It may be admitted, that the judgment creditors have been ' *354 unreasonably harrassed by delay, and by anomalous proceedings. After the judgments had been enjoined five years, bv the first bill, and the injunctions had been, at last, discharged, because the alleged equity had not been maintained by proof, it was certainly irregular to enjoin the same judgments again, by a new suit, and upon the Same grounds. Nevertheless, that which was so irregular and unjust,when it occurred, cannot,ofitself, defeat Lewis’ right'to a final decree rescinding the contract, and perpetuating the injunctions, if, upon the hearing of the cause 5 such decree was otherwise clearly authorized by the allegations and proofs. This case should now stand just as the first suit would have stood, had the injunctions been reinstated in that, upon a supplemental bill, instead of being, as they were, granted in this, upon an original bill-inexcusable delay in the preparation of the suit, might have some effect against a questionable equity, especially 4f the vendor and assignor (Prince) became insolvent since the judgments were firs.t enjoined. But, as that fact is not established, there would be no utility in enquir-ing whether it could have had any essential influence upon the question of rescission claimed in consequence of a want of title in the vendor, as must be inferred from the record as now presented.
To the cross bill of the assignee of a note,— whose judgm’t on the note is enjoined, upon an equity against the obligee, — ■ for indemnity, his immediate assignor is a necessary party.
Fourth. It is argued, that the proper parties were not made ; and in support, of that position, it is said, that Prince was not a party. Prince was a party. The subpoena was returned, executed on him ; and, as he failed to answer, the bill was properly taken for confessed against him.
■ But Henry K. Lewis, an assignor of one of the notes, was not made a party, and did not answer, nor (as far as can be inferred judicially, from the record,) enter an appearance. “He should be deemed a necessary party in such a case. He was evidently interested in the controversy, and might possibly be injuriously affected by the decree. It is true, that there is no decree against him, and that the first assignor, Prince, has been substituted in his place, by the decree. But, as Prince was not before the court, so far as the cross bills were concerned (there having been no service of process upon him, except upon *355 the original bill,) the decree against him, upon the cross bills, may not secure Henry K. Lewis against eventual responsibility upon his assignment, in consequence of the decree rescinding the contract, and perpetuating the injunctions.
Although the decree rescinding the contract, could not conclude Henry K. Lewis ; yet, for that very reason, it might lay the foundation for litigation between him and his assignee, in which the facts involved in this suit, could be again tried, and might be so decided as to place the assignee in a condition in which he must sustain an irreparable loss. It is the duty of the chancellor to prevent such consequences, and such a multiplicity of suits, whenever it can be done by requiring all who may be thus interested, to be made'parties, so that the whole controversy may be finally and safely adjusted in one suit.
Decree reversed, and cause remanded ; and, as Henry K. Lewis is a party to the writ of error, it will not be necessary to issue any process against him in the circuit court.