Moore *et al.*
*vs*
Grubbs *et al.*

---

## Moore *et al.* vs Grubbs *et al.*

ERROR TO THE ESTILL CIRCUIT.

*Election.    Abatement.    Dismission.*

CHIEF JUSTICE ROBERTSON delivered the opinion of the Court.

JOHN M. MOORE, having executed his bond, with two others as his sureties, for the price of a tract of land

CHANCERY.

Case 25.

*September 27.*

The case stated.

Moore *et al.*
*vs*
Grubbs *et al.*

bought by him at a decretal sale, on the petition of the heirs of Grubbs, some of whom were infants, filed his bill in Chancery, enjoining the enforcement of the bond, for alledged irregularities in the decree, and praying for either a confirmation of his title or for a rescission.

During the pendency of that suit, the said Moore and his sureties attempted, by a rule on Grubbs' heirs, to obtain a quashal of the sale, for substantially the same alledged irregularities as those charged in the bill—and refusing to elect whether to prosecute alone the one or the other procedure, the court dismissed the rule. It is to set aside that dismission that this writ of error is prosecuted.

The counsel for the plaintiffs insists, that as both proceedings were in equity, the Court had no power to require an election, but should have required a plea in abatement. We think otherwise. We can perceive no reason why an election might not be exacted, as well when two suits in the same Court of Equity are depending for the same object, as when one of the suits is in a Court of Equity and the other in a Court of Law—and, in the latter class of cases, the only appropriate course is to require an election : *Curd* vs *Lewis*, (1 *Dana*, 353.) It seems that when both suits are in Equity, a plea in abatement may still be filed, the technical effect of which, if it prevail, would be an abatement of the last suit. But, even on such plea, we should deem it more consistent with the genius of modern equity, and more accordant with modern analogies, to allow the complainant to elect which bill he would dismiss. And we have no doubt that the Court may require an election without plea, and especially when, as in this case, both suits are in the same court. Moreover, a plea in writing would have been inappropriate in the case of the rule.

But, in this case, all the irregularities, errors and defects complained of, were cured by the answers to the bill, or may be cured by a decree in the suit in Chancery, and therefore, without tendering any election, the Circuit Court ought to have dismissed the rule *ex officio*. It ought never to have been made or permitted ; nor was it material, whether it was expressly without prejudice, for the effect of a simple dismission for such a cause,

*Where two proceedings in equity are carried on for the same object, the Chancellor may compel an election, by the actor, and will not require a plea in abatement—tho' such plea may be filed, and if found true, its effect will be to abate the last suit, or other equitable proceeding.*

*The effect of a simple dismission in Chancery, is without prejudice.*

FARIS
*vs*
THE COM'TH.

·appearing as here on the order of dismission, is the same ·as that of a dismission expressly without prejudice : 2 *Mad. Chy.* 282.

The order of ·dismission is, therefore, affirmed.

*Turner, Owsley & Goodloe* for plaintiffs: *Breck* for defendants.