COLEMAN
*vs*
CROSS.

*Duncan* for plaintiffs: *Pirtle* for defendants.

---

CHANCERY.

## Coleman *vs* Cross.

*Case 53.*

ERROR TO THE MADISON CIRCUIT.

*Abatement.    Election.    Jurisdiction.*

*October* 30.

CHIEF JUSTICE EWING delivered the opinion of the Court.

Case stated.

COLEMAN conveyed to Cross in 1830, two hundred acres of land, in consideration of about $350 of the debts of the former, which the latter promised to pay, including a sum due to himself, and for the further consideration, that he agreed to board, wash and lodge Coleman and keep his horse during his life: The deed had this condition : ''Now should the said Cross fail to discharge any of the liabilities aforesaid, or fail to board, lodge, wash for, and keep the horse of said Coleman, or refuse so to do at any time during his life, then this deed to be void.''

Coleman brought an ejectment against Cross, relying upon an alledged breach of the subsequent condition, and for fraud in the procurement of the deed, and recovered judgment, which was reversed by this Court and sent back for further trial. A statement of the case and grounds of reversal will be found in 6*th Dana*, 446.

Coleman afterwards filed a bill in chancery, the ejectment still pending, in which he charges fraud in the procurement of the deed, and a breach of the subsequent condition, and prays that the deed and contract may be canceled, and for general relief. On the motion of Cross' counsel in the chancery suit, Coleman was put to his

election to proceed at law or in chancery, and refusing to elect, his bill was dismissed absolutely.

If it were proper to dismiss, the bill should not have been dismissed absolutely, but without prejudice only, as the grounds of dismissal was matter in abatement and not in bar of the action.

It is a general rule, that a plaintiff will not be permitted to proceed at law and in chancery at the same time, when the subject matter of the suits are the same, but will be put to his election in which tribunal he will proceed, (2 *Maddox Chancery*, 358:) but this rule has many exceptions, and we apprehend where the ground relied upon for relief in each tribunal is different, and more appropriate to the other, and full remedy cannot be afforded by either upon the ground relied upon in the other, that the plaintiff will not be put to his election as to such matters though the object of the suit in each is to recover the same property.

In this case the main ground relied on in the ejectment is the breach of the subsequent condition by which the deed is rendered absolutely void and the estate divested. It is certainly very questionable whether this ground could be relied on in chancery, as it is a well established rule, that Courts of Equity will never interfere to enforce a penalty or forfeiture, nor "aid in the divesting of an estate for a breach of a condition subsequent:" (2 *Story's Equity*, 551; *Livingston* vs *Tompkins*, 4 *John. Chancery Rep.* 431; *Pepham* vs *Bamfield*, 1 *Ver.* 83; *Cary* vs *Berlor*, 2 *Ver.* 339.) If a Court of Chancery could afford relief on this ground, it could only be afforded upon the principle that the board, &c. is a future and continuing consideration for the conveyance, which the Chancellor will take jurisdiction to enforce or rescind in case of a refusal or failure by the vendee to furnish or pay in the manner and according to the terms of the contract.

The fraud in overreaching the complainant, making him drunk and procuring the execution of the deed by fraudulent inducements held out to him, as relied on in the bill as one of the grounds of relief, and is of equitable cognizance, and more appropriately triable in equity, as an

COLEMAN
vs
CROSS.

When a party has a suit at law and in chancery, both pending in relation to the same matter, and he be required by the Chancellor to *elect* in which he will proceed, and refuse, a dismissal of the chancery proceeding should be *without* prejudice not absolutely.

The general rule is, that a party will not be permitted to proceed at law and in chancery when the subject matter is the same in each suit, but it is subject to many exceptions.

Though the same property may be pursued both at law and in ch'y. the court will not put the party to his election if some of the facts

COLEMAN
*vs*
CROSS.

on which the right depends be more properly triable at law, and others more properly triable in chancery; and "where the recovery sought be upon different grounds, both of which are not appropriately, if at all cognizable in either case."

account can be taken of the consideration paid, of the rents and profits and improvements, and of the sum received by Cross in the sale of part of the land, which was sanctioned and conveyed by Coleman, the deed canceled or re-conveyance ordered, and full and final relief afforded upon equitable terms. This ground of relief is not the main ground relied upon at law, from any thing that appears in this record, and if it is, if remedy can be afforded at all for it, it could only be afforded upon the terms of a re-payment or tender back of the consideration before suit was instituted, unless Coleman was rendered, from mental imbecility, wholly incapable of contracting; and even then full relief could not be afforded: but for the final settlement of the controversy upon equitable terms, or the cancelment of the deed, a suit in chancery would have to be prosecuted. As, therefore, the breach of the subsequent condition is more appropriately if not alone triable at law, and the fraud in procuring the deed more appropriately triable in equity, the Circuit Court should not have put the complainant to his election to proceed exclusively in either tribunal. Though the same property is sought to be recovered, the recovery is sought upon different grounds, both of which are not appropriately, if at all cognizable in either tribunal.

As the defendant can answer to a part of the bill, and plead or demur to a part, if there be any matter alledged not cognizable in that tribunal, he can, by an appropriate issue, bring that matter before the Court, and escape from other or further preparation or costs as to that matter.

The decree of the Circuit Court, dismissing the bill, is, therefore, reversed and cause remanded, that the bill may be reinstated on the docket and further proceedings had, and the appellant is entitled to his costs in this Court.

*Turner, Owsley & Goodloe* for plaintiff: *Caperton* for defendant.