Judge Gkaham
delivered the opinion of the Court.
It appears from the bill and from the record exhibited in the defendant’s plea, that before the commencement of this suit in the Fayette Circuit, the complainant had instituted his suit in chancery against the defendant in the Clarke Circuit, setting up the same demand and alleging the same fraudulent disposition of his property and fraudulent intention of the defendant to dispose of his property, as is charged in this bill; and in that bill the complainant prayed for and obtained an order to attach so much of the defendant’s property as would be sufficient to pay the debt demanded. It also appears from the record filed with the defendant’s plea in abatement, that some property had been attached in Clarke, but not sufficient to pay the complainant the sum claimed by him. In this suit the complainant charges in his bill, that the defendant had no property in Clarke free from incumbrance by mortgage or attachment, and that he would lose his debt unless permitted to attach *335 •-the slave and wagon and horses then in Fayette. Although the bill in Clarke and this in Fayette, each, set up the same grounds of equity, and the same reasons requiring the interposition of the Chancellor, yet as the same property was not involved in both suits, (that attached in Fayette being different from that attached :in Clarke,) it seems to this Court that the plea, in abatement, ought not to have been sustained. The property in Clarke was insufficient to pay the amount claimed to be due. To refuse the complainant the right to subject other property in another county and circuit might be productive of great injustice to him. A plea .in abatement may be.filed in chancery where two suits are pending for the same object, as decided in Curd vs Lewis, (1 Dana, 353,) but such plea is not usually resorted to, and should not be sustained by the Chancellor where ■other more appropriate .redress can be given to the parties. In this case, if the attachment was levied on more property than was necessary to pay the residue of the complainant’s demand, then the attachment might and should, on motion, have been discharged as to so much thereof as was unnecessarily restrained, or the Court might have put the complainant upon any other terms, consistent with doing justice to each party, (3 B. Monroe, 78,) but ought not to have dismissed his bill.
Where two suits in chancery are brought toobtain. the same object, .the one may be plead in abatement of the other: (8 Dana 333) though such a proceeding sho’d not be indulged to the prejudice of the party sueing, where other more appropriate relief can be granted.
Hanson and Rogers for appellant; Eginton and Caperton for appellee.
The decree dismissing complainant’s bill is, therefore, revei'sed, and the cause remanded to the Cix’cuit Court, with dii’ections to set aside the order dismissing the bill, axxd for other equitable proceedings not inconsistent with this opinion.