Emma J. Cleveland's adm'r vs. Lyne, &c.

CASE 20—PETITIONS EQUITY—JUNE 22.

# Emma J. Cleveland's adm'r vs. Lyne, &c.

# Emma J. Cleveland's heirs, &c., vs. Cleveland's Trustee, &c.

### APPEALS FROM WOODFORD CIRCUIT COURT.

1. Cleveland, by his will, established in 1852, devised a large estate to his only daughter, Emma Jane, then about eight years of age; but provided, that if she should die without issue, that this estate should be devoted to a charity designated in the will. She died in 1865, in infancy, unmarried, and without issue. In 1868, the heirs of Emma Jane took an appeal from the order of the county court admitting her father's will to record; and with her administrator, by petition in equity, assailed the validity of the will. On motion of the trustees of the charity, the parties were forced by the court to elect which action they would prosecute. Under this order, under protest, they dismissed the appeal; and thereupon, on demurrer, the court dismissed the petition in equity. *These decisions of the circuit court are affirmed.*

2. Two actions on the same grounds, in equity and at law, being prosecuted at the same time, on motion of the defendants, the plaintiffs may be compelled, by order of court, to elect which action they will prosecute, and to dismiss the other. (*Story's Equity, sec.* 742; *Mitford's Equity,* 249–50; 2 *Maddox's Chy.,* 358, *Curd vs. Lewis,* 1 *Dana,* 352; *Coleman vs. Cross,* 4 *B. Mon.,* 269.)

3. An appeal may be taken, *within five years,* to the circuit court, from any order of the county court admitting a will to record, or rejecting it; and from the circuit court to the Court of Appeals, within one year after the final decision of the circuit court; *and then*—

   Any person interested, who, at the time of the final decision in the circuit court, resided out of this State; and any other person interested, who was not a party to the proceeding, may, within three years after such final decision of the circuit court, by bill

in chancery, impeach the decision, and have a retrial of the question of probate.

An infant not a party shall not be barred of such proceeding in chancery until one year after attaining full age. (*Civil Code, sec.* 519, *subsecs.* 2, 12; *Revised Statutes, chap.* 106.)

4. Testator's infant child and devisee having survived more than five years after his will was admitted to record, and then having died in infancy, the right of the heirs of such infant to prosecute an appeal to the circuit court, from the order of the county court, admitting the will to record, is limited to one year after the death of such infant. (*Civil Code, secs.* 22, 884, 519.)

PORTER & GREATHOUSE and
JAMES B. BECK,                          For Cleveland's Adm'r,

CITED—

1 *Bush*, 80; *Lyne, &c., vs. Cleveland's adm'r.*
*Revised Statutes, secs.* 28, 35, 36, 37, 38, *chapter* 106.

KINKEAD & BUCKNER and
W. J. STEELE,                          For Cleveland's Heirs.

JOHN B. HUSTON and
KINKEAD & BUCKNER,                          For Cleveland's Trustee,

CITED—

*Story's Equity Pleadings, sec.* 742.
*Mitford's Equity*, 249–50; 2 *Maddox's Ch'y*, 358.
4 *B. Mon.*, 269; *Coleman vs. Cross.*
1 *Dana*, 352; *Curd vs. Lewis.*
*Revised Statutes, sec.* 38, 2 *Stanton*, 468, *and secs.* 28, 36, *chap.* 106.
*Civil Code, sec.* 20.
18 *B. Mon.*, 260; *Hughey vs. Sidwell's heirs.*
2 *Met.*, 344; *Henderson vs. Hayne, &c.*
15 *B. Mon.*, 392; *McGaughey's adm'r vs. Henry, &c.*
18 *B. Mon.*, 20; *Cunningham vs. Cunningham.*
18 *B. Mon.*, 61; *Overton vs. Overton.*
*MS. Opin., Feb.*, 1859; *Hedger vs. Kenny.*

Emma J. Cleveland's adm'r vs. Lyne, &c.

HUNT & BECK,                        For Cleveland's Adm'r,

CITED—

2 *Hawk.*, 613 ; *Turner vs. Whitted.*

2 *Williams on Executors*, 881, 882.

5 *Ves.*, 522 ; *Montgomerie vs. Woodley.*

*Ambler*, 448 ; *Shepherd vs. Ingram.*

2 *P. Wms.*, 419 ; *Nichols vs. Osborn.*

1 *Brown's Ch'y R.*, 81 ; *Chaworth vs. Hooper.*

2 *P. Wms.*, 504 ; *Taylor vs. Johnson.*

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT—
JUDGE ROBERTSON DELIVERING A SEPARATE OPINION:

John Cleveland having published his will in November,
1852, died the following April, the will being probated in
May. By it he devised his large estate to his only child,
Emma Jane, then about eight years old, after providing
for his wife, who renounced its provisions ; but if his
daughter died without issue, then he directed that the
Woodford county court should appoint trustees, who
should control the estate, and appropriate the annual
profits to the education, clothing, and feeding of the
orphan female children of the State not worth one hun-
dred dollars.

Emma Jane died unmarried October 16, 1865, when
about twenty years of age. George Cleveland, as her
administrator, filed a petition ordinary against Lyne, her
guardian, and the trustees appointed by the Woodford
county court, to have a settlement with and recovery
from said guardian of whatever was in his hands.

By order of court, he made her heirs-at-law parties,
and the cause was then transferred to equity. The trus-
tees and guardian having answered, the case was sub-
mitted on the isolated question, whether the accumulated
profits of over twenty-seven thousand dollars, after her

father's death and before hers, belonged to her, and was part of her estate, unencumbered by the trusts of the will, or whether it must be governed thereby. The court having decided that it was her estate, free of the provisions of the will, it was brought to this court, and here affirmed. (*See Lyne et al. vs. Cleveland et al.*, 1 *Bush*, 81.)

About two years and four months after Emma Jane Cleveland's death, and some near fifteen years after her father's death, her heirs-at-law took an appeal from the order of the county court, admitting her father's will to probate, to the circuit court, to-wit, February 21, 1868.

May 9, 1868, after the return of the cause from this court, the said heirs of Emma Jane joined with her administrator, and filed an amended petition in equity, assailing the validity of the will on the alleged insane aversion of the testator to his collateral relatives. As there was then pending an appeal from the county to the circuit court, and this petition in equity, assailing the will on the same grounds, the defendant moved to put the parties on an election, which suit they would prosecute, and the court so ordered; when, under protest, appellants dismissed their appeal, and elected to abide their suit in equity. Subsequently, on demurrer, the court dismissed their petition in equity, and they seek a reversal of these orders.

As by common law rules a suit at law could not be pleaded in abatement to a suit in equity, even for the same cause of litigation, nor *e converso*, the only legitimate means of getting rid of the harassment and unnecessary expense and vexation of two suits for the same cause, pending at the same time in equity and at law, was by a forcible election of the plaintiff at defendant's instance. (*Story's Equity Pleadings, sec.* 742;

*Mitford's Equity Pleadings*, 249–50; 2 *Maddox's Chancery*, 358; *Curd vs. Lewis*, 1 *Dana*, 352; *Coleman vs. Cross*, 4 *B. Mon.*, 269.)

But it is now insisted, that as the equity court had no jurisdiction of the cause set out in the petition, a forced election was improper; to which there are several answers:

*First.* It was appellants' own error to bring such a suit, and having done so, when the defendants exercised a legal right to put them on their election, they chose to stand by it rather than their suit at law, so that both errors are of their own folly.

But, *secondly.* Their appeal from the county court order establishing the will was barred by lapse of time, as will be seen from the various provisions of the Revised Statutes and Civil Code; and as appellees—the trustees especially—are here insisting on this bar, we judicially know they desired to avail themselves of it, as is their duty to do, acting in their fiduciary character.

By section 27, chapter 106, 2 Stanton's Revised Statutes, 466, "a writ of error or an appeal shall lie from the county to the circuit court of the same county. * * * The writ of error from the circuit court shall be sued out in five years after rendering the order of probate or rejection in the county court, and from the Court of Appeals in one year thereafter."

This statute contains no saving in favor of infants, *femes covert*, or non-residents.

By section 37, "any person interested, who, at the time of the final decision in the circuit court, resided out of this State, and was proceeded against by order of appearance only, without actual appearance, or being personally served with process, and any other in-

terested, who was not a party to the proceeding by
actual appearance, or being personally served with
process, may, within three years after such final de-
cision in the circuit court, by bill in chancery, impeach
the decision, and have a retrial of the question of
probate.   *   *   *   An infant, not a party, shall not
be barred of such proceeding in chancery until one
year after attaining full age".

Chapter 10, Civil Code, is a simple transcript and re-
enactment of chapter 106 of the Revised Statutes upon
the probating of wills.

By these different sections five years are given to take
the case from the county to the circuit court by appeal;
and then persons interested, who have not been actually
served, or appeared, have three years to impeach the
circuit court's judgment, and minors until one year af-
ter majority. So if the appeal be barred, then no final
decision of the circuit court can be had on the probate,
or rejection, and this last section would be wholly in-
applicable.

The only other provision of law possibly applicable
to this case, known to us, is section 22, Civil Code,
which provides, that " appeals from orders and judg-
ments of the county court may be taken in the *same
time*, and in similar manner, with appeals to the Court
of Appeals;" and section 884, Civil Code, provides,
that " an appeal shall not be granted except within
three years next after the rendition of the judgment
or order, unless the party applying therefor was an in-
fant, married woman, or of unsound mind, at the time
of its rendition, in which case an appeal may be grant-
ed to *such parties,* or their legal representatives, within
one year after the removal of their disabilities or death,
*whichever may first happen.*"

So, under these provisions, the heirs of Emma Jane should have prosecuted an appeal within one year after her death, as it first happened; but even if they be allowed one year after she would have arrived at majority, still they would be barred.

So in any view, or under any of these statutes, the appeal was barred; therefore, the dismissal of their appeal, under the forced election, did the appellants no injury, as the court should have dismissed it absolutely, on the application of the bar at appellees' instance, after the development of these facts.

It is unnecessary to multiply reasons to sustain the absolute dismissal of appellants' petition in equity, as it made out no grounds authorizing the court to interpose, according to the provisions of these statutes.

Beside, it should take a strong case for the courts to interpose, in behalf of persons not heirs-at-law when the testator died, fifteen years thereafter, on a plea that he entertained towards them an insane aversion; merely because, by an unlooked-for casualty, they would now be entitled to take the estate if the will was out of the way. Their subsequent and unexpected heirship to his heir is so remote that it would not have authorized them to interpose in the first instance; and not coming within any of the savings of the statute, but, by their own delay, being precluded from assailing the will, this court cannot relieve them, even were it inclined to interpose to obstruct this most noble and commendable charity, which, if properly and intelligently administered, may bring comfort and happiness to many of the homeless and destitute orphan girls of the State.

Wherefore, the judgment of the court, as to both the order of election and dismissal of the petition in equity, is affirmed.

---

---

JUDGE ROBERTSON DELIVERED THE FOLLOWING AS HIS SEPARATE OPINION:

John Cleveland's will, proved *ex parte*, and recorded in the Woodford county court in the year 1853, gave a large estate to his only child, Emma, an infant, defeasible on the condition of her dying without issue; and, in that event, he dedicated the whole estate to the charitable use of the poor girls of Kentucky worth less than one hundred dollars. The probate was undisturbed by appeal or otherwise, until after Emma's death, childless and still an infant, in the year 1865.

In 1868 her heirs appealed to the circuit court, and about the same time her administrator and heirs filed a petition in equity for a re-probate of the will.

The circuit court required an election to dismiss one of those proceedings, and, under protest, the appeal was dismissed and excepted to. The court then sustained a demurrer to the petition.

The petition gave the court no jurisdiction. The Revised Statutes, giving an appeal first to the circuit court in all cases of probate, do not allow a petition as previously allowable; but permit a petition in no case until after a decision by the circuit court on an appeal to it. (*See* 2 *Stanton, page* 468, *on Wills, and Hughey, &c., vs. Sidwell's heirs*, 18 *B. Mon.*, 260.)

The circuit court having no jurisdiction over the petition, might have dismissed it on motion, instead of unnecessarily requiring an election, and then at once dismissing the petition on demurrer for want of jurisdiction, thereby showing that there was no occasion for any election.

Nevertheless, if the record also show that the appeal to the circuit court *must* be equally unavailable, the

erroneous requisition of election, resulting in the compulsive dismission of the appeal, would have done the appellants in this court no harm; and, therefore, we should not disturb the judgment only to prolong hopeless litigation.

The counsel for the appellees assume that the appeal to the circuit court is barred by the limitation of five years; but this we cannot adjudge. The statute had not been pleaded, and we cannot know that it ever will be; and, should it be hereafter pleaded, it is not five years regardless of disabilities, but is the same as to time and disabilities as in appeals to this court. (*See article 2, section 22, page 8, Code of Practice, and section 884, same.*)

Then, as Emma Cleveland might, for the purpose of making her estate absolute as only heir, instead of defeasible as devisee, have appealed within a year after she became twenty-one years of age; and her successors had the same right. The record, however, fails to show Emma's precise age when she died; and, therefore, had she survived and appealed when the appeal was taken by her heirs, though it may be probable that the bar would have operated, yet this court cannot now judicially know either that the limitation would have been pleaded, or have been available if pleaded. Nor can we know, that if the appeal should be reinstated, and the cause remanded, the statute would be availably pleaded.

It is clear that the circuit court, having no jurisdiction of the petition, there was only one case *judicially* pending in that court; and it is, consequently, equally clear that there was no authority to compel an election; and, therefore, for the apparent error in forcing the election, and consequent dismission of the appeal, the judgment ought

to be reversed, and the cause remanded for a reinstatement of the appeal, however, on further proceedings, it might eventuate. This court should not assume to plead the statute for the trustees, and supply the requisite facts left out of the record.