JENNY GUDGELL *v.* MARTHA B. McCLURE, ET AL.

**Descent and Distribution—Advancements—Note Due Estate by Legatee.**

A note, executed by a legatee to his deceased parent, providing "but not to be paid during life of X X X but after his death, to be paid out of the portion of the estate descending or devised to the undersigned," is held, not to be an advancement by the father to the son, but a debt due the estate.

**Wills—Appointment in of Committee for Afflicted Child.**

A will, in which it provides for appointment of "a committee to take charge of my afflicted daughter, and her portion of my estate," held that, such appointment of guardian or trustee could only be until her arrival at twenty-one years of age, she not being an imbecile.

**Same.**

But as to the estate, the appointment of the trustee to take charge of same was absolute.

**Same—Words and Phrases.**

The word "committee" in a will, in an appointment to take charge of an afflicted legatee, and her estate, held to mean "trustee."

**Wills—Admitted to Record Without Appeal.**

After a will has been admitted to record in the county court, and no appeal therefrom is made, it cannot be attacked by a petition in chancery, in the absence of non-residents or infant legatees thereto.

APPEAL FROM BATH CIRCUIT COURT.

February 12, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

June 9, 1868, the Bath county court admitted to record a paper as the last will and testament of Allen Gudgell, from which no appeal was prosecuted to the circuit court, and as none of the parties are non-residents nor infants it cannot be assailed by petition in chancery, as was decided by this court in *Cleveland, Admr., vs. Lyne et al, 5 Bush, 383,* because none are within such privilege according to our statutes.

So far then as said paper is legatory, the county court probate is conclusive.

The testator appointed McClure and wife

> "A committee to take charge of my (his) afflicted daughter, Jenny Gudgell, and her portion of my estate, for her use and benefit, to be used agreebly to her necessities at their judgment and discretion, and if she should not live to spend any considerable portion of the *deposit*, the balance to be handed over to my (his) estate and distributed according to law."

As his daughter Jenny, though afflicted, was not imbecile of mind, he could only appoint a guardian or trustee as to her person until she arrived at majority, but as to the property he could appoint a trustee absolutely. The word committee is used as synonymous to trustee, and the chancellor properly so regarded it.

The words of this paper are legatory and their meaning palpable. The testator intended his said daughter to have an equal share of his estate with her brothers and sisters, or their descendants, and that McClure and wife should be her trustees as to her interest or property, and if it was not necessarily expended in her support, then to be returned to his estate, in other words, it was given to her for life with the right to expend it entirely in her support if necessary, and the word "deposit" is used as tantamount to her interest therein.

So far as the will and its construction are concerned, the court properly adjudicated. But there is another question in which an erorr was committed. Joseph Gudgell executed to his father, the testator, the following writing:

> "I, Joseph Gudgell, acknowledge myself to *owe* and be *indebted* to Allen Gudgell in the sum of sixteen hundred dollars, to bear interest from first day of January, 1863, but this note is not to be paid during the said Allen Gudgell's life time, but after his death said note is to be paid out of the portion of said Allen Gudgell's estate that descends to or is devised to the undersigned, Joseph Gudgell, this 8th day of March, 1867."

Joseph Gudgell's equal interest in his father's estate descended is not sufficient to pay said sum with the interest thereon. He

claims that it was an advancement, that he owes nothing to his father's estate, but is merely barred from any claim therein, and the court so adjudged.

This writing evidences a debt to bear interest, but not to be paid until his father's death, and then his interest in his father's estate was to go as payment, but not in discharge of the entire debt, and only a payment to the extent of his interest.

Had it been an absolute advancement, no part of which was to be reclaimed, it would have said so, but instead thereof, it was to remain a debt and bear interest until his father's death. It is obvious that the meaning of both parties, at the time, was that at the old man's death Joseph was to settle this debt, and that his interest in his father's estate was to go as a payment thereon, to the extent of its value.

Wherefore, the judgment is reversed, as to this error, with directions to ascertain the amount of said debt at the father's death, and the amount of Joseph Gudgell's interest in his estate, and after deducting it from the debt to adjudge against him the remainder so far as Jenny Gudgell's interest is concerned, as the other heirs have not prosecuted an appeal, the judgment as to their interest cannot be disturbed.

*Lacy, Young, Stone,* for appellant.

*Apperson, Nesbitt & G.,* for appellees.