## DAVID BLUMENTHAL ET AL.
### v.
## GEORGE H. TAYLOR ET AL.

*Practice—Pendency of Two Actions for Same Cause Against Same Parties—Remedy of Defendants.*

1.  The facts being that a judgment for plaintiffs in an attachment suit was reversed by the Appellate Court, and thereafter a garnishee suit was commenced against the same defendants for the same cause of action, and subsequent to the commencement of the garnishee proceedings a writ of error to the Supreme Court was sued out upon the judgment of reversal in the Appellate Court, this court holds, that the defendants were not entitled, upon motion, to an order requiring plaintiffs to elect which suit they would proceed with, and, upon their failure to elect, to an order dismissing the garnishee suit.

2.  Upon a motion by a party to stay or have dismissed proceedings against him because of the pendency of another suit against him by the same plaintiff, and for the same cause of action, the merits of the suit will not be considered.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

On December 11, 1890, appellants began an attachment suit in the Circuit Court against A. T. and F. W. Dennison, and summoned appellees as garnishees. Appellees filed an answer denying any indebtedness, and setting up the following state of facts : That in August, 1888, they bought an invoice of goods of A. T. and F. W. Dennison, on which there was due on August 13, 1888, a balance of $639.36; that on that day the defendants assigned this debt to Sarah G. Dennison, and notified appellees' to pay it to her which they agreed to do; that a few days thereafter Sarah G. Dennison sold and delivered to them an invoice of goods of the value of $601.35; that on the indebtedness owing to Mrs. Dennison appellees paid $400 prior to the beginning of

this suit; that on August 15, 1888 (more than two years prior to the commencement of the attachment suit now under consideration), appellees began a former attachment suit in the Superior Court of Cook County for $1,800 against A. T. and F. W. Dennison, and had the sheriff levy the writ upon all the goods in the possession of Taylor & Co. that they had received from the defendants and from Mrs. Dennison, and thus deprived appellees of the entire property; that afterward appellants obtained judgment in the attachment suit, had the goods sold on a special execution, bought them in at the sale for $1,600, and the execution was returned satisfied to the extent of $1,410.03; that the debt upon which that suit was begun is the same as that which is made the basis of the present suit commenced December 11, 1890.

In the present proceeding it was made to appear in the court below, that after appellants sued out the writ in the Superior Court and before levying on the property, they had also served appellant Taylor as garnishee in that suit, and that after the goods had been levied on, appellees, on August 20, 1888, brought an action of trespass against the sheriff for levying on the goods, and this suit appellants defended in the sheriff's name; that the trespass suit resulted in a judgment for appellees for the value of the goods. Appellants prosecuted in the name of the sheriff an appeal from that judgment, and secured a reversal for an error in one of the instructions. Before that judgment was reversed and while the appeal was pending, appellants pressed the garnishee proceedings against appellees to trial, and in said garnishee proceedings recovered a judgment against appellees for $1,240.65. From that judgment appellees took an appeal to this court, and it was reversed with an order directing the court below to dismiss the proceeding as to the garnishees (appellees).

Immediately upon the reversal by this court of the judgment against garnishees (appellees), appellants, December 11, 1890, began the attachment suit now under consideration, and thereafter sued out a writ of error to this court

from the Supreme Court to reverse the judgment of this court, reversing the judgment against the garnishees, and directing the dismissal of the proceeding as to them.

It was made to appear that this court gave as a reason for reversing the judgment against garnishees (appellees), that in that proceeding against them there had been no proper service of process, constructive or otherwise, against A. T. and F. W. Dennison, the principal defendants, who were when said suit was begun and ever since have been, non-residents, and that as neither of them appeared, the judgment against them and their garnishees was unauthorized.

Upon this state of affairs, appellees appeared in the Circuit Court in the attachment suit begun December 11, 1890, and showed to the court that said attachment suit and the suit against appellees as garnishees upon the record of which appellants had sued out a writ of error in the Supreme Court as aforesaid, were for one and the same cause of action; and they therefore asked that appellants be compelled to elect which of said suits, namely, said attachment suit, begun December 11, 1890, or said writ of error, they would proceed with. Appellants appeared and resisted said motion, whereupon the court ordered that appellants elect within five days whether they would proceed with the garnishment proceedings begun in said Circuit Court December 11, 1890, or with said writ of error, and that in default of making such election, the said garnishment proceeding begun December 11, 1890, should be dismissed as to the garnishees (appellees).

Appellants failed to so elect, whereupon the court dismissed the said attachment suit begun December 11, 1890, as to said garnishees, from which order of dismissal appellants bring this appeal.

Messrs. Kraus, Mayer & Stein, for appellants.

Messrs. Tenney, Church & Coffeen, for appellees.

Waterman, P. J.    Under the circumstances existing

when the order of dismissal was made, we do not think it an order to which appellee was entitled. That suit was begun prior to the suing out of the writ of error.

True it is that the attachment suit, the judgment in which was reversed by this court, and that commenced after such reversal, are for one and the same cause of action and against the same party, and that by the writ of error, taken by appellants, they seek to keep alive such suit and eventually to obtain a judgment therein; yet it does not follow that the attachment brought after the reversal of such judgment and prior to the suing out of the writ of error must be dismissed, or that appellant must elect which of the two proceedings it will abandon. What would have been the result had appellee moved in the Supreme Court for a stay or dismissal of that suit, or had there pleaded in abatement the pendency of this attachment, is not a matter for our consideration. It is sufficient in this proceeding for us to say that the case of Hailman v. Buckmaster, 3 Gilm. 498, and the case of McJilton v. Love, 13 Ill. 486, seem to indicate that the proper practice in such a case as this is to apply for a stay of proceedings until the writ of error has been disposed of.

In reversing the order of the court below, dismissing the attachment suit, we leave out of consideration the reception by appellants of a large sum of money on the sale of personal property levied on by them. Such reception may be a defense partial or complete to appellant's claim, or show that the maintenance of this suit is inconsistent with the defense of the action of trespass brought by appellees against them, but upon motion of this kind to compel an election or stay, the merits of the suit are not considered. The position of the party moving to dismiss or stay is, admitting *pro hac vice* that the plaintiff has a good cause of action, he is nevertheless not now entitled to prosecute this proceeding.

The order of the Circuit Court dismissing the suit is reversed and the cause remanded.

*Reversed and remanded.*