[Civ. No. 1075.   Second Appellate District.—March 14, 1912.]

## J. F. HALL-MARTIN COMPANY, a Corporation, Respondent, v. W. E. HUGHES, Appellant.

## R. B. MARTIN, Respondent, v. W. E. HUGHES, Appellant.

CONTRACT TO SELL LAND—IMPROVEMENTS BY PURCHASERS—RECONVEYANCE AFTER DEFAULT—FORECLOSURE OF DEEDS OF TRUST—CONSIDERATION FOR ASSUMPTION OF DEBTS.—Where, under a contract by the defendant to sell land, the purchasers in possession subdivided it into lots and improved the same at large expense, and incurred large indebtedness, and after default in the payment of purchase money to defendant, the property was reconveyed to defendant under an agreement that defendant should assume and "pay to Martin and Hall $8,200 for street improvements," which in fact included other improvements aggregating that sum, besides "$8,700 for mortgage indebtedness," which was in fact for deeds of trust foreclosed in that sum, it is held that the equity of redemption acquired by the reconveyance was a sufficient consideration for the agreement to assume the whole amount of such debts.

ID.—CONSTRUCTION OF AGREEMENT TO PAY SUM FOR STREET IMPROVEMENTS—PAROL EVIDENCE TO EXPLAIN INTENTION INADMISSIBLE.— It is held that in the construction of the agreement to pay the sum of "$8,200, street improvements," the amount specified is the controlling factor, and not the specification of the matter to which the payment should be applied; and that the defendant was obligated by his agreement to pay that full sum. And since the contract is susceptible of construction on its face, parol evidence was not admissible to explain the intention of the parties to the contract.

ID.—CONTRACT MADE FOR BENEFIT OF THIRD PARTY—RIGHT OF ENFORCEMENT.—Under section 1559 of the Civil Code, "a contract made expressly for the benefit of a third person may be enforced by him at any time before the parties thereto rescind it." While such contract remains unrescinded, the relations of the parties are the same as though the promise had been made directly to such third party.

ID.—ESTOPPEL OF DEFENDANT—ACQUIESCENCE IN RIGHT OF PURCHASERS TO CONTRACT FOR TOTAL DEBT AS UPON A SINGLE ITEM.—It was the right of the purchasers, if conscious of an indebtedness to plaintiff approximating $8,200, to contract with the defendant that he should pay, as for any single item, an amount sufficient to cover all their obligations to plaintiff, and defendant having acquiesced in this, and agreed to pay such gross sum, and having accepted the conveyance and retained its benefits, should not be heard now to say that the item specified was less than the aggregate amount agreed to be paid

18 Cal. App.—33

as part of the purchase money, such aggregate amount representing the *bona fide* indebtedness of his grantors to plaintiff at the time.

ID.—DIVISION OF ITEMS OF CREDIT IN TWO SUITS.—The fact that different items of the indebtedness, which might have been recovered by the plaintiff in one suit, were divided and set forth in two suits, such election not having been objected to, and the judgments rendered in the two actions being correct in amount, and within the limits of the liability of defendant to plaintiff, after having paid part thereof, the judgments will not be disturbed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

Woodruff & McClure, for Appellant.

G. C. DeGarmo, for Respondent.

ALLEN, P. J.—The facts disclosed by the record are these: During the year 1909 defendant entered into an agreement in writing with Daniel Stone and Paul H. Blades for the sale of certain real property in Los Angeles .county. Stone and Blades entered into possession and formed a corporation known as the Central Square Company, which corporation was merely a corporate agency in and about the subdivision and improvement and sale of the property. Default being made by Stone and Blades as to certain payments, they entered into an agreement with defendant through which Stone and Blades and the corporation conveyed all claim to the property so contracted to purchase, in consideration of which defendant agreed to pay certain indebtedness theretofore created by Stone and Blades and the corporation in an effort at subdivision and sale of the property. This agreement, in so far as material to a disposition of the questions presented upon this appeal, recited as follows: "[Hughes] promises and agrees to assume and pay all those debts of the Central Square Company, as follows: Martin and Hall for street improvements, eight thousand two hundred dollars ($8200); mortgage indebtedness on houses erected on said premises, three thousand seven hundred dollars ($3700); with interest on all of said claims." In this agreement were men-

tioned certain other debts not necessary to specify. Plaintiff had before this agreement performed the engineering work necessary in laying out the streets and platting the tract, through which an indebtedness of $532.75 arose. In addition, plaintiff had done the work of making and oiling the streets, which work, exclusive of the engineering work, was of the value of $5,957.55; in addition to which plaintiff had constructed three houses on certain lots of the tract, upon which there remained due to plaintiff the aggregate sum of $1,665.48. Before this last agreement with defendant was executed mechanics' liens had been filed by plaintiff covering these items of indebtedness and actions thereon were pending. The lots upon which the houses had been constructed and covered by the liens had been conveyed to Stone and Blades, and what was denominated "mortgages" in the agreement were in fact deeds of trust. These deeds of trust had been foreclosed before the rescinding agreement was entered into. Plaintiff brought two suits, one for $7,627.09 for work done and materials furnished in the improvement of the real property described in the agreement, and the other for $532.75, as a part of the $8,200 agreed to be paid for the improvement of said property. It is shown by the record that as a matter of fact the cost of the street improvements proper was $5,957.55. This amount defendant paid and plaintiff received on account. Judgment was accordingly rendered in the first-mentioned suit for $1,669.44 and in the second for $532.75, the aggregate of which two judgments, together with the amount paid, was a little less than the $8,200 mentioned in the agreement. The court upon the trial found that Stone and Blades and the corporation had conveyed to defendant all of the premises described in the agreement, and that defendant was the owner and holder thereof. The court further found that the Martin mentioned in the agreement was plaintiff herein, and that the $8,200 specified in said agreement included the indebtedness for work done by plaintiff in the improvement of the property. Motions for new trial were made and denied; and from the judgments rendered, and from the order denying the motions, defendant appeals. The two causes were by stipulation consolidated upon the trial and heard together, and the appeal is presented upon a single record.

We find no merit in appellant's first contention, namely, that the finding that defendant by the conveyance of Blades and Stone and the corporation became the owner and holder of all of the three lots had no support from the evidence. The deeds of trust, denominated mortgages in the agreement, had been foreclosed, and defendant by the agreement and reconveyance by Stone and Blades acquired the equity of redemption. This was sufficient consideration to support the promise made in the agreement with reference thereto. (*Bay* v. *Williams,* 112 Ill. 97, [54 Am. Rep. 209, 1 N. E. 340].) No question is presented as to the effect of a sale under power given in a deed of trust. Such deeds of trust not appearing in the record, it must be assumed that the only remedy afforded thereby was by way of foreclosure, and that the same were of a character warranting the court in entering a decree of foreclosure, and through which decree of foreclosure a right of redemption existed.

The controlling question involved relates to the construction which should be given the agreement assuming and agreeing to pay to plaintiff for street improvements the sum of $8,200. The trial court determined that the amount specified was the controlling factor, and not the specification of the matter to which the payment should be applied. We are of opinion that the court did not err in so construing the agreement. Section 1559 of the Civil Code provides: "A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." While such contract remains unrescinded, the relations of the parties are the same as though the promise had been made directly to the third party. The payment of $8,200 to plaintiff was clearly a part of the purchase money agreed to be paid in consideration of the quitclaim of those in possession and who had made the improvements. "It is not the business of the defendant to go upon a tour of investigation as to the merits of plaintiff's claim against its grantors after agreeing to pay it." (*Washer* v. *Independent M. & D. Co.,* 142 Cal. 708, [76 Pac. 654].) Stone and Blades possessed the right, if conscious of an indebtedness to plaintiff approximating $8,200, to contract with defendant to pay for any single item an amount sufficient to cover all obligations. This they seem to have done in the agreement entered into with defendant, by which they directed the payment of the aggre-

gate of such indebtedness upon one item. Defendant acquiesced in this and agreed to pay such gross sum, and accepted the conveyance and retains the benefits, and he should not now be heard to say that the item specified was less than the aggregate amount agreed to be paid as part of the purchase money; such aggregate amount representing a *bona fide* indebtedness of Stone and Blades to plaintiff at the time.

The views we have expressed render it unnecessary to consider the many specifications of error as to the action of the trial court in refusing to admit evidence tending to explain the intention of the parties. The contract being, in our opinion, susceptible of construction upon its face, evidence tending to explain the intention was not admissible.

While, in our opinion, it was competent for plaintiff to have brought a single action to recover the $8,200, yet, having elected to bring two actions and no objection being made thereto, and the judgments rendered in the two actions being correct in amount and within the limits of the liability of defendant to plaintiff, no reason suggests itself why such judgments should be disturbed.

The judgment and order in each case are, therefore, affirmed.

James, J., and Shaw, J., concurred.