## Cassidy v. Berkovitz.

(Decided May 2, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch No. 1).

## Louisville Railway Company v. Berkovitz.

(Decided May 2, 1916.)

Motion for appeal from Jefferson Circuit Court
(Common Pleas Branch No. 1).

1. Judgment—Bar.—A trial and judgment is a bar to another action based upon the same cause of action.

2. Trial—Joinder.—A defendant may by consent or by defending separate suits for parts of the same cause of action waive his right to object to the non-joinder.

3. Continuance—Absence of Litigant.—Absence of a party on private business of an ordinary character is not of itself sufficient cause for a continuance.

4. Damages—Loss of Time—Special Damages.—Loss of time is special damage for which no recovery can be had unless specially pleaded, but evidence of loss of time is competent to show extent of injury whether recovery is sought therefor or not.

5.   Damages—Pleading.—Under allegation in the petition that plaintiff was injured internally, which allegation is controverted in the answer, evidence of injury to the liver is competent.

EDWARDS, OGDEN & PEAK and HUMPHREY MARSHALL for appellant Cassidy.

STRAUS, LEE & KRIEGER and HUSTON QUIN for appellant Louisville Ry. Co.

PARKER S. TERRY and CHARLES P. JOHNSON for appellee.

OPINION OF THE COURT BY JUDGE CLARKE.—Affirming.

At the corner of Third and Oak streets in the city of Louisville, on August 27, 1914, an automobile owned and driven by Samuel R. Cassidy was struck by one of the street cars of the Louisville Railway Company and thrown against the wagon of appellee, Meyer Berkovitz, as the result of which the wagon and horse were damaged and Berkovitz was injured.

Appellee filed two suits against both the Louisville Railway Company and Cassidy, seeking in one suit to recover damages for injuries to himself, and in the other for the damage done to his horse and wagon. The two actions were assigned to different divisions of the common pleas branch of the Jefferson circuit court. The action for damages to the horse and wagon was tried first, resulting in a verdict in favor of appellee for the sum of $129.00, which was satisfied.

Thereafter defendants Cassidy and railway company offered to file separate amended and supplemental answers in the action for personal injuries to Berkovitz, in which they attempted to plead the judgment in the first action as a bar to a recovery in the personal injury case. The defendants had theretofore filed separate answers in the second case; the defendant Cassidy denying that the accident resulted from any negligence upon his part and alleging that it resulted from the negligence of the railway company; the defendant railway company denying any negligence upon its part, and pleading contributory negligence upon the part of Berkovitz. The court overruled the motions of defendants to file the amended and supplemental answers, to which objections were saved, and a trial was had resulting in a judgment against the railway company in the sum of $300.00, and against Cassidy in the sum of $500.00. Motions for a

new trial having been overruled, appellant Cassidy prayed and was granted an appeal in the lower court from the judgment against him and appellant railway company has filed a motion in this court for an appeal from the judgment against it.

The first question raised here is upon the ruling of the trial court in refusing to permit appellants to file amended answers pleading the trial and judgment in the case for damages to the horse and wagon as a bar to this action.

The injuries to appellee and to his horse and wagon were the result of the same accident and constituted but a single cause of action against the defendants which could and should have been included in one action against them. It is against the policy of the law to permit a plaintiff to split his cause of action and institute two or more actions for different parts thereof, and it is a well established principle that where a plaintiff has filed a suit and had trial upon a cause of action, the judgment rendered therein is a bar to another proceeding based upon the same cause of action; that it was his duty in one action to set up all items of damages which resulted to him from the accident. Cole's Admx. v. I. C. R. Co., 120 Ky. 686; Talbott v. Todd, 5 Dana 190; Honaker v. Cecil, 84 Ky. 202; Hall v. Forman, 82 Ky. 509; Davis v. McCorkle, 14 Bush 753; Hardwickle v. Young, 110 Ky. 504; Elswick v. Matney, 132 Ky. 294; Louisville Gas Co. v. The Ky. Heating Co., 142 Ky. 254; Jefferson Noyes & Brown v. Western National Bank, 144 Ky. 63; Green County v. Lewis, 157 Ky. 495; Wood v. Sharp's Admr., 159 Ky. 47; U. S. F. & G. Co. v. Carter, 158 Ky. 737; Stone v. Winn, 165 Ky. 23; and a full discussion of the question will be found in the notes to King v. Chicago, Milwaukee & St. Paul R. Co., 50 L. R. A. 162.

Although the doctrine of *res judicata* is thoroughly established in this and other jurisdictions, there is an exception in this State at least to its universal application. In the case of Harp v. The Southern Ry. Co., 150 Ky. 564, while the doctrine was expressly recognized and approved, it was held not to apply where the parties had consented in an agreed suit to a submission of a part only of the issues growing out of a single cause of action, the court stating its reasons for refusing to apply the rule to that case as follows:

"When it is considered that the object of the rule against splitting causes of action is to protect the defendant from unnecessary vexation and cost, it cannot be said that this rule is violated when the defendant consents that a part only of a matter in dispute may be determined in one case or in one action. The defendant may, if he chooses, permit the plaintiff to split his cause of action and bring numerous suits when only one was necessary. He may waive his right to insist that all matters of dispute that could be determined in one action must be included in that action, and when he has thus waived the right to object that the action has been split up, he will not be heard to make this objection, when to allow him to do so would prejudice the rights of the plaintiff. For example, the defendants in the agreed case had the right to insist that the whole controversy between the parties should be embraced in the agreed case, but in place of doing this they consented that only a part of the matters in dispute should be submitted in the agreed case, and to permit them now to make the defense relied on would enable them to defeat apparently just claims that the plaintiff would probably have put in the agreed case if they had requested that it be done, or at any rate their failure to consent would have given the plaintiff the right to either submit in an agreed case a part of the matter in dispute or else have declined to submit any of it."

Section 366a of Newman's Pleading and Practice is as follows:

"Non-Joinder—Waiver or rights to object to splitting causes of action. A defendant may, by defending separate suits for parts of the same cause of action, waive his right to object to the non-joinder."

In support of this text the author cites Gunn v. Gudehus, 15 B. Monroe 447, and Lou. Bridge Co. v. L. & N. R. Co., 75 S. W. 285, in the latter of which cases this court said:

"Numerous authorities are cited by counsel in support of the proposition that, where an entire cause of action is split a judgment in one case will bar a second action for the rest of the claim. The principle is sound, and has been applied very often by the courts, but it has no application where the defendant consents to the splitting of the cause of action. A party to an action is never allowed to take advantage of that which he consented to, and his consent may be shown expressly, or it may be

implied from the circumstances, as in other cases. Both of the actions referred to were brought in the same court, and near the same time. The defendants appeared in both actions, and without making any objection to the cause of action being split, or the bringing of two suits, filed a general demurrer to the petition.   *   *   *

"One of the objects of the Code is to expedite legal proceedings by requiring objections not going to the merits of the action to be made when the occasion for them arises. All such objections are waived if not made before issue is joined on the merits. Gunn v. Gudehus, 15 B. Monroe 447. All objections of mere form come within this rule, which is founded upon reasonable principles, for otherwise the rules of procedure, which are intended to facilitate the administration of justice, become in the hands of the skillful practitioner, instruments for defeating justice. Curd v. Lewis, 1 Dana 351; Warren v. Glynn, 37 N. H. 340.

"Under the facts as shown by the record, we conclude that the defendant's acquiescence in the bringing of the two separate actions, and by their course led the plaintiff to understand that the prosecution of the two actions were consented to by them, or at least that the objection thereto was waived. After all this, it was too late, after one action had proceeded to judgment, to object in the other action to that, which for three (3) years had, at least, impliedly been consented to."

The facts in the instant case are the same in principle as in the Louisville Bridge case, *supra.* Here the actions were filed in the same court at the same time, the defendants accepted the issue in each case and made no objection to the filing of separate actions to recover for the different parts of appellee's one cause of action. They had the opportunity and right if they had so desired to have had the causes consolidated, or one or the other of them discontinued or dismissed, but they elected rather to try the actions separately, and having so elected waived their right to object to the splitting of this cause of action by appellee, and the lower court did not err in overruling the motion to file the amended and supplemental answers. This being the only error pointed out or urged in brief by counsel for appellant Louisville Railway Company, its motion for appeal is overruled.

2. Appellant Cassidy urges, as a reason for reversal, the denial of his motion for a continuance based upon

his absence from the trial on account of private business, and cites in support of his contention, 9 Cyc. 93, which is as follows:

"It is unquestionably an important privilege of a party to be present at the trial of his cause, which should not be denied on a proper application made, unless for weighty reasons; but the mere desire of a party to be present at the trial of his case, or the desire of his attorney to have him there, is not a sufficient reason in itself for a continuance of the case. Such a desire may grow out of mere curiosity, or from the mere general interest any party to litigation has in its results, without any expectation of the party being able himself, in any way, by his presence and counsel, to give material aid in the case. A party is bound to attend to the trial of his cause at his own peril, and the granting or refusal of a continuance on account of absence depends upon the sufficiency of the excuse presented. In the absence of a reasonable and sufficient excuse, the usual rule should be adhered to and the party left to suffer the consequences of his own neglect. The presence of a party to an action to aid and assist his counsel in the trial of the cause is not ordinarily considered essential; and the absence of a party, not as a witness, but simply as an aid to counsel, is rarely regarded as a ground for continuance. It must be made to appear that the presence of the absent party is indispensable to a fair trial of the merits of the cause, that injustice may result to the applicant in the event of a refusal of the delay, and that a postponement is not asked for the mere purpose of delay.

"Absence on business of an ordinary character is no ground for a postponement, and even absence from the State will not ordinarily be considered a sufficient ground, unless some good excuse in addition is alleged as the reason for the non-appearance."

The affidavit filed by his counsel here stated that the presence of appellant was important, not as a witness, but simply as an aid to counsel, and no fact is stated in the affidavit, showing that his presence was essential to a fair trial. This court in the case of Chambers v. Handley's Heirs, 3 J. J. Marshall 99, held that "absence on private business, of an ordinary character, is not, of itself, a sufficient excuse for not being ready for trial on the calling of the case."

Appellant was a traveling salesman and was absent from attendance upon his ordinary duties as such. We do not think appellant's showing entitled him to a continuance, and besides it is the rule of this court not to disturb the ruling of the trial court in granting or refusing a continuance unless there has been an obvious abuse of discretion, and it certainly cannot be said that the court abused such discretion here. Lillard v. Whittaker, 3 Bibb 92.

3. Appellant also insists that the verdict is excessive, but as appellee's testimony shows that his injuries were substantial, confining him to his bed for about twenty days and reducing his earning power materially, we are unable to say that the damages awarded, a total of $800.00, are so excessive as to indicate that the jury was influenced by prejudice or passion.

4. The next objection insisted upon by appellant is that it was error in the absence of special damages being pleaded to permit the introduction of evidence showing his earning capacity before and after the accident. Loss of time is, of course, special damage, and no recovery therefor can be had unless specially pleaded, as is held in the authorities cited by appellant, viz.: 2 Greenleaf on Evidence, sec. 254; L. & N. R. Co. vs. Reynolds, 24 Ky. L. R. 1402; L. & N. R. Co. vs. Mason, 24 Ky. L. R. 1625. But these authorities do not touch the question here.

Appellant was permitted to prove the length of time he was unable to perform his ordinary duties which was competent to show the extent of his injury under the general plea, and he was allowed to state what he was able to earn before and after the accident which was certainly competent to show what, if any, diminution he had suffered in his earning capacity. He did not ask and was not permitted to recover anything for the loss of time, nor was this evidence introduced to prove loss of time, and appellant cannot complain of its admission because it was competent under the plea of general damages.

Appellant is seeking to exclude evidence competent for one purpose because it is incompetent for another, which he cannot do, as it is an elementary rule that evidence legal for one purpose cannot be excluded because a jury may erroneously use it for another purpose. 10

R. C. L. 929; Trenton Passenger Ry. Co. vs. Cooper, 64 A. S. R. 592, 38 L. R. A. 637.

5. The last reason relied upon by appellant for a reversal is that proof of injury to appellee's liver was incompetent under the allegation of his petition that he had received internal injuries. Appellant might have properly made a motion to have required appellee to make his petition more specific upon this item of his injuries, but he did not do that. He simply traversed the allegation and thereby waived his right to have the statement more definitely made. Appellant cites in support of his contention upon this point the case of Louisville Ry. Co. v. Gaugh, 133 Ky. 471, in which it was held that evidence that plaintiff's sense of hearing had been injured was not admissible under a complaint charging injury to her head, except perhaps for the purpose of showing the extent of the injury to her head, and not as a cause for which damages could be allowed. We do not think, however, that the cases are similar, although the court in that case held that the proof might be admitted if restricted to the purpose of showing the extent of injury to the head. The injury to the hearing is not necessarily the result of an injury to the head, and the court held that a pleading alleging injury to the head was not sufficient to apprise the defendant that damages would be claimed for the injury to the hearing. This case would be similar to that case if appellee had alleged an injury to his body and had attempted to prove injury to one of the internal organs as a result of the injury to the body. In the case at bar appellee not only alleged injury to his body, but specifically alleged that as a result of the blow on the body he had been injured internally. It is true he did not specify what organ had been injured, but his pleading was sufficient to notify appellant that he was claiming damages for an injury to some internal organ, and being upon notice of that fact it was appellant's duty as it was his right to require appellee to make his allegation more specific, and having failed to do so he will not now be heard to complain. Civil Code, sec. 134; Posey v. Green, 78 Ky. 162; Pugh's Admr. v. White, 78 Ky. 210.

Having failed to discover any substantial error in the trial of the case, the judgment is affirmed.