[No. 13102.  *En Banc.*  December 5, 1916.]

HENRY BRICE, *Respondent*, v. S. H. STARR *et al.,*
*Appellants.*[1]

ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING.  A subsequent suit cannot be pleaded in abatement of a prior action for the same cause.

ACTIONS—JOINDER—SPLITTING CAUSES OF ACTION—WAIVER OF OBJECTION—EFFECT—JUDGMENT—BAR.  Where defendants submitted to the trial of a second action before trial of a prior action growing out of the same transaction, without moving for a consolidation and without raising any objection to the splitting of causes of action by the two suits, they waived the right to object and cannot plead the judgment in the second action as a bar to judgment in the first action, as to matters not actually tried and decided in the second action (overruling, on rehearing, Id., 90 Wash. 369).

JUDGMENT — BAR — RES JUDICATA — MATTERS CONCLUDED.  Where plaintiff, defrauded by defendants in a deal for lands, began two actions, the first to recover damages for the fraud, and the second asking cancellation of their deed for the same fraud without asking any money judgment, judgment in the second action, which was first tried, granting cancellation, is *res judicata* only of the matters actually tried and decided, and cannot be pleaded in bar of a money judgment in the first action, the defendants having failed to move for a consolidation of the actions or to object to the splitting of plaintiff's cause of action (overruling, on rehearing, Id., 90 Wash. 369).

SAME.  In the subsequent trial of the first action, it was not error to refuse the defendants the right to relitigate the issue of fraud, which was the only issue decided by the prior judgment in the second suit.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 17, 1915, upon findings in favor of the plaintiff, in an action for fraud, tried to the court.  Affirmed.

*Bryan & Colvin*, for appellants.
*John W. Whitham*, for respondent.

[1]Reported in 161 Pac. 347.

### ON REHEARING.

ELLIS, J.—This case is before us on a rehearing *En Banc.*
The facts are sufficiently presented in the opinion of Depart-
ment Two rendered on the former hearing. *Brice v. Starr,*
90 Wash. 369, 156 Pac. 12. The sole question is this, Was
the pendency of the action to cancel the deed a bar to the
prosecution of the action to recover the amount of the mort-
gage wrongfully placed upon the land by appellants? This
action was the first instituted. It grew out of the same trans-
action set up in the second action to cancel the deed for fraud.
Had appellants deemed themselves aggrieved by the prose-
cution of two actions, their proper course was to demur to
the complaint in the second action; or, if the complaint did
not show on its face the fact of the pendency of the first
action, to plead the pendency of the first as a bar to the sec-
ond. The first action might have been invoked as a bar to
the second; the second could not be invoked as a bar to the
first. As said by Brewer, J., in *Rizer v. Gillpatrick,* 16 Kan.
564, 567:

" 'The pendency of an action will make a second action,
for the same cause, and in which the same judgment can be
rendered, abatable; but not *vice versa.*' *Buffin v. Tilton,* 17
Pick. 510; *Webster v. Randall,* 19 Pick. 13. A subsequent
suit may be abated by an allegation of the pendency of a
prior suit, but the converse of the proposition is, in personal
actions, never true."

And again, as said by Campbell, J., in *Callanan v. Port
Huron & Northwestern R. Co.,* 61 Mich. 15, 27 N. W. 718:

"There is no case that we know of sustaining any such
doctrine as will give a subsequent suit the effect of abating
a prior one."

See our own decisions, *Westmoreland Co. v. Howell,* 62
Wash. 146, 113 Pac. 281; *Olson v. Seldovia Salmon Co.,* 89
Wash. 547, 154 Pac. 1107. See, also, *Webster v. Randall,*
19 Pick. 13, 20; *Humphries v. Dawson,* 38 Ala. 199; *Morton*

*v. Webb*, 7 Vt. 123; *Welch v. Sage*, 47 N. Y. 143, 7 Am. Rep. 423; *Blumenthal v. Taylor*, 44 Ill. App. 139.

We are not advised whether appellants did interpose in any way in the second action the objection that another action was pending which they now urge in this, the first action. Certain it is, however, that they did not appeal from the decision in that action, and hence they are now precluded from raising the question, since they did not raise it in the only action in which it properly could be raised, namely, in the action last instituted; or, if they raised it, acquiesced in an adverse decision on that point, as well as on all others there decided, by their failure to appeal. It follows that, having submitted to a trial of the second action without moving therein for a consolidation with the first and without raising the objection that by it respondent was splitting his cause of action, appellants waived the right to raise that objection here. On the first hearing, sufficient importance was not attached to the admitted fact that the action now before us was the action first instituted, and that the objection now urged could have been properly urged only in the other action. Counsel on both sides seem to have lost sight of this fact and of its significance. Nor can the appellants be permitted to invoke the decree in the second action as *res judicata* of the issue here. It can only be invoked as *res judicata* of the issue there actually tried and decided. This is demonstrable. The only wrong done to appellants by prosecuting two actions founded on the same fraud for separate branches of the relief to which respondent was entitled, is the wrong of being vexed by two actions—the wrong of splitting the relief. *Buffum v. Tilton*, 17 Pick. 510. They could have avoided this by pleading the first action in abatement of the second. Not having done so, they have waived the right now to object to the two suits. They must submit to the recovery in the first suit of all relief which was not actually obtained in the second suit. In such a case, it is the judgment as entered, not the judgment which might have been entered,

which is *res judicata*. It is true that usually a judgment is *res judicata* not only of what was decided but of what might have been decided therein, but this is only because a party is presumed to intend to secure all the relief possible in a single action. But where, at the very time of the bringing of the second action, a prior action was pending for a part of the relief which, though it might have been recovered in the second action, *was not recovered* therein, the presumption that he abandoned or waived that part of his relief cannot obtain. The very pendency of the other action negatives the presumption. In such a case, we are clear that the judgment in the second suit ought to be held *res judicata* only of what it actually adjudged, not of what it might have adjudged had all the relief possible been sought in a single action. Matters expressly omitted in one suit are not *res judicata* in another. 1 Van Fleet's, Former Adjudication, p. 183, § 53.

A defendant is advised the moment a second action is commenced that he will have to respond to two actions unless he plead the first in abatement of the second, or demur in the second on the ground of pendency of the first. When he fails to do either, he invites the very error of which appellants now seek to avail themselves by a plea of *res judicata* when the first action came to trial.

In the case here presented, by submitting to a judgment in the second action without pleading the first action in abatement and without appeal, knowing all the time that another action was pending for other relief growing out of the same fraud, appellants invited the error of the trial court in permitting the maintenance of the two actions. Appellants should not now be permitted to invoke that error as ground for *res judicata*. They cannot take advantage of an error which they themselves invited. A lawsuit is not a mere game in which the prize must always go to the more adroit and skillful. It is a means to an end, and that end is, or should be, justice. Substantial justice is and always will be possible of attainment by the rule above announced. It would

often be made impossible of attainment by the rule laid down in the departmental opinion. No better illustration of this can be found than the case before us. In the suit to cancel the deed, the findings declared:

"That the court finds to be true as alleged in paragraph III of plaintiff's complaint that while plaintiffs were so the absolute owners of said premises the said defendant, S. H. Starr, falsely and fraudulently pretended and represented to plaintiffs that he desired to and would purchase said property at the agreed price of $3,200; that he had arranged to borrow two thousand dollars from a friend who would not charge him any commission in case plaintiffs would convey title to said defendant so that he could mortgage said premises; that in that event he would pay said sum of $2,000 over to plaintiffs to be applied on the purchase price; . . ."

And again:

"That instead of borrowing said sum of $2,000, without having to pay a commission, and applying the same on the purchase price, defendants did on June 2, 1914, mortgage said premises to the Seattle Trust Company in the sum of $1,400 and left the state of Washington, appropriating the said sum to their own use. . . ."

If these findings are true—and we must so assume since no appeal was taken from the decree founded thereon—then appellants, by their plea of *res judicata*, are now seeking to retain the fruits of that fraud by pleading it as an adjudicated fact. If the fetters of precedent were so powerful as to force a result so monstrous, it would be high time that we break them. But in every case cited in the former opinion the plea in bar was interposed in the second action, not in the first; and the judgment invoked as *res judicata* was the judgment in the first action, not in the second. There are decisions which hold that the right to plead the judgment in a second action as a bar to a recovery in the first is not waived by the failure to plead the pendency of the first action as a bar to the prosecution of the second; but that rule should only apply where the demands in the two actions are in their

very nature single and entire. Here, however, the demands, though arising out of the same transaction, hence such as might have been tried in the same suit, are in their nature distinct and separable. The one was to cancel the deed, the other to recover for the wrongful mortgaging. In such a case, it seems only consonant with reason that the failure to plead the first action as a bar to the second, or to demand consolidation, ought to estop a defendánt from claiming that the judgment in the second action is *res judicata* of anything except what it actually determined. See, *Fox v. Althorp*, 40 Ohio St. 322.

The general observations found in 1 Herman, Estoppel and Res Judicata, § 270, seem peculiarly pertinent here.

"There are many reasons why the plea of *res judicata* should be more cautiously received under the Code system of pleadings, than is or was necessary under the common law system of pleading. The want of certainty in the system of pleading under the Code renders it not unfrequently difficult, if not impossible, to determine what issues have been joined, and the precise rights which have been adjudicated. The united law and equity jurisdiction enables parties litigant to embrace in the same suit more than one cause of action or defense, which would be incongruous and inadmissible under a different system, and perhaps the widest range known to any system tolerated in the form and scope of code pleadings. Parties who have several causes or rights of action against the same party, of different and distinct character, are not compelled to unite them in the same suit, on penalty of being barred as to those not included; nor, is this the meaning of that well-settled principle, that a judgment or decree of a court of competent jurisdiction is final and conclusive, not only as to every matter determined, but also as to every other matter which the parties might litigate in the cause, and which they might have had decided; . . . The Code system of pleading does not by any means favor a multiplicity of suits, and when the proper parties are brought before them, the courts will hear and finally determine all the rights of the parties touching the subject-matter, if properly presented, whether such was the original intention of the parties or not; but, if neither party demands a judgment upon the

merits of the respective rights claimed, and the judgment of the court appears to have been rendered upon the merits of a mere preliminary question, it would be rendering harsh injustice, and make justice and equity a species of tyranny utterly antagonistic to the signification of those terms."

Here neither party demanded that the whole matter be determined in the second action, which was the first brought to trial, nor was the whole matter there determined. Neither party asked for a consolidation. Appellants were not deceived as to respondent's intention to pursue both actions to judgment, yet they did not move to abate the one which might have been abated. Whatever the general rule, no court ought to permit the equitable doctrine of *res judicata* so to operate as to defeat a recovery to which the findings and decree in the second suit clearly show respondent entitled. The judgment in the second action here involved certainly is *res judicata*, but it must have the opposite effect from that contended for by appellants. It is only *res judicata* of the things actually decided. It proves that the deed was fraudulently obtained, and hence that the mortgage was fraudulently given and the proceeds wrongfully appropriated, and conclusively establishes respondent's right to recover a money judgment in the amount of the mortgage and interest, but it does not preclude that recovery in another suit which was the first instituted.

We find no error in the refusal of the court to permit appellants to relitigate the issue of fraud by offering proof of the matters set up in their answer. The issue of fraud was the only issue in the second suit and was decided therein adversely to appellants.

The judgment of the trial court is affirmed.

MORRIS, C. J., MAIN, HOLCOMB, FULLERTON, MOUNT, PARKER, and CHADWICK, JJ., concur.