(127 So. 553)

## ·BRUCE v. COLLIER.
### 7 Div.·921.·

Supreme Court of Alabama.
March 27, 1930.

Goodhue & Lusk, of Gadsden, for appellant.

H. G. Bailey, of Boaz, for appellee.

BOULDIN, J.

This action was originally brought by C. F. Bruce against J. A Collier for personal injuries.

The injuries are charged, first, to negligence of the employees of defendant in the operation of a truck on a public highway; and, second, to wantonness in the operation of the truck.

Pending this action, and some eight months after the injury, C. F. Bruce died. His death being suggested, leave to revive was granted, and thereafter, on motion, the cause was revived, or order of revivor made, in the name of Rebecca Bruce, as administratrix.

Prior to this order of revivor, the administratrix brought a separate suit under the Homicide Act (Code 1923, § 5696) for the same tort, alleging that such injuries had resulted in the death of her intestate. This latter suit, after such order of revivor, proceeded to trial and judgment in favor of the plaintiff.

The judgment was paid in full. Thereafter, this revived suit coming on for hearing, defendant, by leave of the court, withdrew demurrers filed to the original complaint, and filed a plea, styled a plea in abatement, setting up all the matters above recited, and praying that the suit be abated.

A motion to strike and demurrer to the plea in abatement were successively overruled. Because of these adverse rulings, plaintiff took a nonsuit and appeals.

The plea here involved cannot be sustained as a plea of "former suit pending" under Code, § 5657. This statute is a substantial re-enactment of the common-law rule. Ex parte Barclay-Hays Lumber Co., 211 Ala. 500, 101 So. 179.

The plea was interposed in the suit first begun. Moreover, the second suit had been tried, judgment recovered and satisfied, was no longer pending when plea filed.

While the plea is styled and verified as a plea in abatement, under our rule denying a reversal unless injury appears, the plea should be judged by its substance and legal effect to determine whether it interposes an effective bar to the further maintenance of this suit.

Among the inquiries that arise is this: Does an action for personal injuries begun by the decedent while in life, survive to his personal representative if death results from the same tort, giving rise to an action under the homicide act?

Appellant's view is that under our present statutes two actions may be now maintained by the administrator: One to recover actual damages suffered by the injured while living for the benefit of his estate; the other to recover punitive damages for the wrongful act causing his death for the benefit of his next of kin.

Appellant presents authority from other states, notably N. C. & St. L. Ry. v. Hubble, 140 Ga. 368, 78 S. E. 919, L. R. A. 1915E, 1132, wherein the Georgia court, construing our Alabama statutes, reached the conclusion that both actions may be maintained.

This court has ruled otherwise in Ex parte Adams, 216 Ala. 241, 113 So. 235.

In the Adams Case, as here, the injured party sued for personal injuries in his lifetime, and died during the pendency of the suit; his administrator sued under the Homicide Act. Defendant interposed a plea of "former suit pending," which plea was sustained in this court. The court pointed out that by the terms of the Homicide Act the action lies only in those cases wherein the injured could have maintained an action if the injury had not caused death. Said the court: "It is the identity or sameness of the cause of action and not the result of the same that must be the criterion."

Appellant asks us to reconsider this view.

At the time of the passage of our statute to prevent homicide, and on down to the Code of 1907, our statute defining what actions survive, read:

"*Actions survive to and against representative.*—All actions on contracts, express or implied, all personal actions, except for injuries to the person or reputation, survive in favor of and against the personal representatives." Code of 1896, § 35 (2600) (2920) (2555) (2157).

During all this period actions for personal injury, whether or not death ensued from the injury, did not survive to his administrator. In this state of the law the Homicide Act was passed creating a new cause of action, punitive in character, for the benefit of the next of kin entitled to take as distributees of his estate.

In the Code of 1907, (section 2496) the above-quoted statute was amended by striking out the words "person or," so that now actions for "injuries to the person" do survive. Does this mean injuries causing death, those covered by the Homicide Act? We think not. There is a clear field for the operation of this amendment in cases where pending a suit for personal injury the plaintiff dies from other cause than the injury sued for.

Two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, would present a situation so unusual and extraordinary that clear legislative intent should appear.

True, the beneficiaries of the two suits may be different, but not necessarily so. If the estate be solvent, the same beneficiaries would take in both actions. Nor would the character of damages be wholly different. In the personal injury suit punitive damages, in case of wantonness, would be recoverable.

We see no sufficient reason to overrule Ex parte Adams, supra, on the point now under consideration.

It follows the judgment recovered under the Homicide Act was res adjudicata of

the issues there presented, among them that the alleged injury was the proximate cause of death; and the personal injury suit cannot longer be maintained as one for personal injury not causing death.

No waiver of a plea of former suit pending deprived the defendant of the effect of the judgment recovered as a bar to the further prosecution of the personal injury suit.

We find, therefore, no error to reverse.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.