127 So.2d 636

**Grady V. CHAPPELL**

v.

**Edaline BOYKIN.**

**6 Div. 772.**

Court of Appeals of Alabama.

Nov. 1, 1960.

Rehearing Denied Nov. 29, 1960.

Tweedy & Beech, Jasper, for appellant.

Bevill & Bevill, Jasper, for appellee.

HARWOOD, Presiding Judge.

This is an appeal from a judgment for $1,000 entered in the court below in favor of the appellant, who sued as personal representative of Brooks D. Boykin, deceased. The complaint contained two counts, one based on negligence and the second on wanton misconduct. The suit was filed under the provisions of Act 113, First Extra Session, 1956, page 171, (Sec. 123(1) Tit. 7, Code of Alabama 1940). This act provided that the personal representative of a deceased may maintain an action in this State and recover such damages as the jury may assess for injuries or damages to the property of the decedent resulting from the same wrongful act, omission or negligence, which caused the death of the decedent provided the decedent could have maintained such action if the wrongful act had not caused his death, and the damages recovered are not subject to the payment of the debts or liabilities of the decedent, but must be distributed according to the statute of distributions. The act further provides that such action must be brought within one year from and after the death of the decedent.

This act is in many respects identical with Sec. 123, Tit. 7, Code of Alabama 1940, which section created a right of action for a wrongful act resulting in death, and is commonly known as the wrongful death or homicide statute.

The present suit was filed on April 25, 1959.

On May 5, 1959, demurrers were filed to the complainant. The plaintiff below thereafter filed an amendment to his complaint, and this defendant on Sept. 3, 1959, filed demurrers to the complaint as amended.

The demurrers to the complaint being overruled, the defendant then filed the following special plea:

"Comes the defendants each separately and severally and in addition to pleading in short by consent, the general issue and contributory negligence, and with leave of the court first had and obtained, each separately and severally file the following special written plea to said complaint and to each and every count thereof separately and severally and says as follows:

"That on, to-wit, April 25, 1959 the plaintiff in this case filed suit against these same defendants seeking damages for the death of Brooks D. Boykin who was killed in the automobile accident on, to-wit, April 29, 1958, and killed in the same accident for which the plaintiff, in the case at bar number 2394, has filed a suit for which the plaintiff, in the case at bar number 2394, has filed a suit for property damages and destruction of an automobile which belonged to the said Brooks D. Boykin, and which was damaged or demolished in the said same accident in which the said Brooks D. Boykin was killed; that said case No. 2392 wherein the plaintiff filed suit against these same defendants for damages for the death of Brooks D. Boykin, deceased had a final judgment rendered in it in favor of plaintiff against these two defendants on to-wit, September 18th, 1959 and the plaintiff in said case recovered of these defendants the sum of Five Thousand Dollars ($5,000.00) in said judgment; that said judgment was paid and has been collected by the plaintiff in this case and the judgment rendered in favor of the plaintiff against these said defendants in said case No. 2392 in the Circuit Court of Walker County, Alabama, is a bar and

prohibits the plaintiff in Case No. 2394 from recovering a judgment against these defendants in this case at bar; that the plaintiff has attempted to split her caused (sic) of action which she cannot do; that the claim for the damages for the damage or destruction of the automobile of Brooks Boykin arose out of the said automobile accident and out of the same alledged (sic) wrongful act of these said defendants and which happened at the same time and place, and all of which facts the defendants plead in bar to this suit."

The plaintiff's demurrer to this special plea was sustained, and the sustention of this demurrer is the basis of appellant's argument as to assignments of error numbers 3 and 4.

In brief the argument in support of these assignments is to the purport that the court's action in sustaining the demurrer to the special plea was to permit a single cause of action to be split into two suits, to the vexation of the appellant.

It is counsel's contention both the wrongful death and the property damage arose from the same wrongful or negligent act, with damages recoverable by the personal representative for identical distribution in each case, and therefore created only one cause of action.

In a majority of jurisdictions in the United States, the rule is that a single act causing simultaneous injury to the physical person and to property of one individual gives rise to only one cause of action, and not to separate causes based on the one hand on personal injury, and on the other on property damage. The basis of this rule is that a "cause of action" grows out of the wrongful act, and not the various forms of damages that may flow from the single wrongful act.

The effect of this majority rule is to bar a second suit where one has already recovered damages in one aspect, that is either for personal injuries or property damages.

The minority view, which also prevails in England, is that a "cause of action" is founded not in the wrongful act, but in the damaging results thereof, and different damages or results give separate causes of actions.

An excellent annotation relative to separate or single causes of action where injuries to person and property of one person result simultaneously from one wrongful act, together with numerous authorities illustrating the doctrines enunciated, may be found in 62 A.L.R.2d at pages 980–1009.

Express approval of the majority view may be found in Birmingham Southern Ry. Co. v. Lintner, 141 Ala. 420, 38 So. 363, though the court was considering the question of permissive joinder of claims for damages resulting from loss of society of plaintiff's wife, and injuries to his horse and buggy, and was not considering the question of res judicata.

■ One reason for the rule against splitting the cause of action is to prevent a multiplicity of suits. The rule exists mainly for the protection of the defendant, to save and protect him from vexatious litigation and to avoid the cost and expenses incident to numerous suits on the same cause of action. Wilkes v. Hood, 237 Ala. 72, 185 So. 748. The rule prohibiting splitting the cause of action being primarily for the benefit of the defendant may be waived by him. It is to be noted from the special plea above set out that the suit under the wrongful death statute (Sec. 123, Tit. 7, supra) was filed on April 25, 1959, the same filing date as the present suit, and that a final judgment was rendered in the wrongful death case on Sept. 18, 1959, which judgment had been collected by the plaintiff prior to the filing on November 10, 1959, of the special plea.

In Georgia Railway & Power Co. v. Endsley, 167 Ga. 439, 145 S.E. 851, 854, 62 A.L.R. 256, the Supreme Court of Georgia held that a defendant, by failing to object or raise the issue of splitting a cause of action until after the plaintiff has recovered a judgment in the property damage suit, is presumed to have consented to the splitting of the cause of action and cannot plea the property judgment in bar of the action for personal injuries, the court stating:

"This waiver will be presumed if a plaintiff maintains two suits against a defendant at the same time for different items of the same demand, and he fails to interpose timely objection. * * *

"In such a situation a defendant is presumed to have waived his right to object; he has implicitly consented."

To the same effect as the rule stated in the Endsley case, supra, are Hall-Martin Co. v. Hughes, 18 Cal.App. 513, 123 P. 617; Louisville Bridge Co. v. Louisville & N. R. Co., 116 Ky. 258, 75 S.W. 285; Cassidy v. Berkovitz, 169 Ky. 785, 185 S.W. 129 (failure of defendant to object to splitting cause of action during time plaintiff could have consolidated his cases was a waiver); Putthoff v. Walker, 213 Mo.App. 228, 248 S.W. 619; Fox v. Althorp, 40 Ohio St. 322 (objection to splitting cause of action must be made at first opportunity); Brice v. Starr, 93 Wash. 501, 161 P. 347.

It should also be noted that each of the cases above cited are from a jurisdiction recognizing the majority rule that for a single wrongful act which injures both his person and his property, an individual has but a single cause of action.

We are persuaded of the soundness and fairness of the rule that objection to splitting a cause of action may be waived, and hold that the appellant did waive any objection to the plaintiff below splitting his cause of action, if splitting there was, by the tardiness of his objection.

We do not intend by anything said above to have inferentially held that separate causes of action are created by the provisions of Secs. 123 and 123(1), supra. The conclusions we have reached in regard to waiver of any possible objection to splitting the causes of action as presented in the

present appeal, renders a consideration of such question entirely unnecessary.

■ Refused charge 22 was refused without error. Since the undisputed evidence shows that this accident occurred after the plaintiff had driven through the intersection and some seventy-five feet beyond before the collision, the charge is therefore abstract under the evidence. Further, the refusal of this charge was proper as a vital issue of Tit. 36, Sec. 5, Code of Alabama 1940, upon which the charge was based creates only a presumption of unlawfulness and the question of ultimate negligence is for the jury. Brownell-O'Hear Pontiac Co. v. Taylor, 269 Ala. 236, 112 So.2d 463.

The last assignment argued in the appellant's brief was insufficiently argued to invite a review.

Affirmed.

### On Rehearing.

HARWOOD, Presiding Judge.

In brief in support of the application for rehearing, counsel for appellant insists that we ignored the doctrine enunciated in Bruce v. Collier, 221 Ala. 22, 127 So. 553. This doctrine, they assert, would necessitate a conclusion that the lower court erred in sustaining the demurrers to the special plea filed in the proceedings below. In our opinion the doctrine of Bruce v. Collier, supra, is not applicable to the present case.

In the later case of Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13, 14, Justice Bouldin, who had also written the opinion in Bruce v. Collier, supra, had this to say concerning the opinion in that case:

"Bruce v. Collier, 221 Ala. 22, 127 So. 553, 554, relied upon by both sides, dealt with our statutes for the survival of actions for injuries to the person, where death followed from the same wrongful act, bringing into being a right of action under the Homicide Act.

"In that case an action was brought for personal injury. Pending this action the plaintiff died. The administrator obtained an order to revive. Meantime, the administrator brought a separate action under the Homicide Act. This action proceeded to judgment for plaintiff, which was paid.

"The revived suit still pending, the defendant interposed a plea held by us to be in effect a plea of res adjudicata. The trial court sustained this plea against demurrer, resulting in a nonsuit and appeal.

"For reasons stated in the opinion, we held:

"The statute providing for survival of actions for 'injuries to the person' does not apply to actions for injuries from wrongful act resulting in death, with a consequent right of action under the Homicide Act. The survival statute has a field of operation in actions where death ensues from other causes. The lawmakers did not contemplate two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, one to recover for personal injuries for the benefit of the estate, and another for punitive damages for the benefit of next of kin."

■ It is clear therefore that in Bruce v. Collier, supra, the court was concerned with our statutes pertaining to survival of actions. In holding that the plaintiff in Bruce v. Collier, supra, could proceed only under the Homicide statute, the court in effect held that both the action and the cause of action was destroyed by the death of Bruce. This being so, no right could be deemed to have been revived or created by any waiver resulting from the action or non-action of the defendant Collier. A primary right cannot be created by waiver. See Patterson v. Woodmen of the World

Life Insurance Society, 38 Ala.App. 328, 84 So.2d 127.

In the present case we are not concerned with any revival statute, but rather with Sec. 146, Tit. 7, Code of Alabama 1940, which reads as follows:

"No suitor is entitled to prosecute two actions in the courts of this state at the same time, for the same cause and against the same party, and in such a case the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously; and the pendency of the former is a good defense to the latter, if commenced at different times."

This section is but a codification of the common law rule, and its purpose is to prevent vexatious litigation. Herrington v. City of Eufaula, 36 Ala.App. 348, 55 So. 2d 758; Ex parte Barclay-Hays Lbr. Co., 211 Ala. 500, 101 So. 179. It is to be noted that by the very terms of Sec. 146, supra, a defendant *may* require a plaintiff to elect, etc.

In the present case the personal representative had a cause of action under Sec. 123, Tit. 7, Code of Alabama 1940, for the death of Boykin, and under Sec. 123(1) of Tit. 7, supra, the personal representative had cause of action for damages to the personal property of Boykin resulting from the same collision that caused Boykin's death. The two primary rights existed by virtue of the two above mentioned respective statutes.

Under the provisions of Sec. 146, supra, it was within the power of the defendant to require the plaintiff to elect which action she would prosecute. Having this right the defendant may waive the same, for a waiver is but the intentional relinquishment of a known right. It is yet our conclusion that the defendant's conduct in the present case should be deemed a waiver of any objection he may have had to any splitting of a cause of action by the plaintiff, even if it be assumed that there was a splitting.

Application overruled.