Martha **SIMMONS**, as **Executrix of the Estate of Thomas Simmons, Deceased, Plaintiff,**

v.

**PULMOSAN SAFETY EQUIPMENT CORPORATION, INC., et al., Defendants.**

**Civ. A. No. 78–662–T.**

United States District Court, S. D. Alabama, S. D.

June 6, 1979.

James C. Wood and J. Randall Crane, Mobile, Ala., for plaintiff.

James H. Crosby, Mobile, Ala., for defendants.

## ORDER

DANIEL HOLCOMBE THOMAS, Senior District Judge.

This matter came on to be heard on April 27, 1979, on defendant Clemco's motion to dismiss or in the alternative for the Court to enter an order requiring the plaintiff to elect between the prosecution of this action and Civil Action No. 75–19–T which is also pending before this court. After oral argument the matter was taken under submission.

On or about December 15, 1975, Thomas Simmons filed Civil Action No. 75–19–T for compensatory damages for breach of warranty under Alabama's Uniform Commercial Code. On January 13, 1977, Thomas Simmons died and the action was survived by his personal representative, Martha Simmons.[1]

On or about November 30, 1978, Martha Simmons, on behalf of Thomas Simmons, deceased, filed this wrongful death action under the Alabama Extended Manufacturer's Liability Doctrine alleging that Thomas Simmons died as a result of the use of defective and unreasonably dangerous products manufactured and supplied by Clemco.

---

1. Ala.Code § 6–5–462 (1975) (Survival of Actions).

Clemco contends that the relief sought in these two civil actions is identical and hence, this action should be abated. Clemco maintains that to allow the plaintiff to prosecute two actions at the same time for the same cause and against the same party would be in violation of Section 6–5–440, *Ala.Code* (1975), which provides:

No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

■ While no one challenges the applicability of this state procedural statute in a diversity suit in a federal district court, this Court agrees with the decision in *Seaboard Finance Co. v. Davis*, 276 F.Supp. 507 (N.D. Ill.1967), wherein that Court, after a lengthy discussion of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and its progeny (citations omitted), concluded that an Illinois statute, substantially identical to the one in question here, would prevail over the conflicting federal practice in the absence of any overriding federal considerations. Concluding that the Alabama statute is applicable, this Court must now decide if Section 6–5–440 requires the abatement of this present action.

■ While the parties are identical in both actions this Court must decide whether the two actions are based on the "same causes". In Civil Action 75–19–T, plaintiff, in a survival action, seeks damages for breach of warranty against Clemco. In such an action, damages are compensatory in nature and are awarded to put an injured party in the same position he would have occupied if the warranty had not been breached. *Coastal States Life Ins.· Co. v. Gass*, 278 Ala. 656, 180 So.2d 255 (1965).

■ In this present action plaintiff seeks damages for the wrongful death of Thomas Simmons. At common law there was no right of action for the death of any person. With the enactment of Section 6–5–410,

*Ala.Code*, the Alabama Legislature created a new distinct cause of action in the personal representative of the deceased which arises upon death from a wrongful act. *Ivey v. Wiggins*, 276 Ala. 106, 159 So.2d 618 (1964). *Geohagen v. GMC*, 291 Ala. 167, 279 So.2d 436 (1973). Alabama's wrongful death act is purely statutory and has been construed by the courts as entirely punitive in nature. See *Airheart v. Green*, 267 Ala. 689, 692, 104 So.2d 687, 690 (1958) citing *Liberty Nat'l Life Ins. Co. v. Weldon*, 267 Ala. 171, 190, 100 So.2d 696, 713 (1957). The Act has been described as "intended to protect human life, to prevent homicide, and to impose civil punishment on takers of human life." *Geohagan v. GMC*, supra, 279 So.2d at 439. Consequently, damages are punitive in nature, based upon the defendant's culpability, and compensatory damages may not be recovered. *Id..*

Based on the foregoing, the Georgia court, construing the Alabama statutes in question, was persuaded that a survival action for injuries from a wrongful act resulting in death may be maintained along with a consequent right of action under the wrongful death act. *N.C. & St. L. Ry. v. Hubble*, 140 Ga. 368, 78 S.E. 919 (1915).

However, the Alabama court has ruled otherwise. See *Chappel v. Boykin*, 41 Ala. App. 137, 127 So.2d 636 (1960); *Bruce v. Collier*, 221 Ala. 22, 127 So. 553 (1930); *Parker v. Fies & Sons*, 243 Ala. 348, 10 So.2d 13 (1952); *Ex parte Adams*, 216 Ala. 241, 113 So. 235 (1927). In *Bruce v. Collier*, supra, an action was brought for personal injury. Pending this action the plaintiff died from the same injuries. The action survived in favor of the administrator of the deceased. The administrator subsequently filed a separate action under Alabama's wrongful death act which proceeded to judgment for the plaintiff. The defendant in the personal injury survival action, still pending, interposed a plea of res adjudicata. In affirming the decision of the trial court sustaining the plea, the Alabama Supreme Court unequivocally held that

[t]he statute providing for survival of actions for "injuries to the person" does not

apply to actions for injuries from [a] wrongful act resulting in death, with a consequent right of action under the Homicide Act [Alabama Wrongful Death Act]. The survival statute has a field of operation in actions where death ensues from other causes. *The lawmakers did not contemplate two actions by the same administrator against the same defendant for the same tort, prosecuted to separate judgments, one to recover for personal injuries for the benefit of the estate, and another for punitive damages for the benefit of next of kin.* Parker v. Fies & Sons, 10 So.2d at 14. Cited in *Chappel v. Boykin*, supra, 127 So.2d at 640. (Emphasis added)

Based on the foregoing decisions of the Alabama Supreme Court this Court is compelled to conclude that plaintiff may *not* concomitantly maintain a survival action for injuries from a [wrongful act] resulting in death *and* a wrongful death action based on the same wrongful act, regardless of the underlying theory of recovery. (i. e. breach of warranty or Alabama's Extended Manufacturer's Liability Doctrine).

Since the two actions in question were commenced at different times, the plaintiff does not have a right of election between the two actions. The pendency of Civil Action No. 75–19–T prior to the commencement of this action is a good defense to this present action. *Ford v. Bowden*, 243 Ala. 334, 9 So.2d 906 (1942). *Ala.Code* § 6–5–440 (1975).

Accordingly, defendant Clemco's motion to dismiss should be and hereby is GRANTED.