Earl J. Frase, Ada, for plaintiff in error.
Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.

## MAYFIELD v KOVAC

Ohio Appeals, 9th Dist, Summit Co

No 1997. Decided Jan 26, 1932

WASHBURN, J.

It thus appears that the action in the Common Pleas Court was brought to recover for personal injuries suffered by the plaintiff in said collision, and that the action in the Municipal Court was brought to recover damages for injuries to the property of plaintiff, and it is claimed that as

such injury to the person and property of plaintiff was caused by a single negligent act, such negligent act and resulting injury gave rise to but a single cause of action, which should be presented for determination in a single suit, and that the plaintiff had no right to split said cause of action and bring a suit for the personal injury in the Common Pleas Court and a suit for property damage in the Municipal Court.

There is a conflict in the authorities whether, under the circumstances indicated, such single tort gives rise to but a single cause of action, but the great weight of authority sustains the rule that a single tort which causes injury both to the person and property of an individual, gives rise to but one cause of action, and that a single cause of action cannot be split into several actions.

We do not find that the question has been authoritatively settled in Ohio, but we think that the rule just indicated furthers simplicity and directness in the determination of controversial rights and tends to bring litigation to an end speedily and economically, and at the same time do substantial justice.

However, we think that it is equally well established by the authorities that the rule prohibiting the splitting of a cause of action is primarily for the benefit of the defendant, and that he may waive the same, and that, where two actions are brought when but one should have been brought, and the person against whom they are brought fails to interpose, in the second action and at the earliest opportunity, a plea in bar, or otherwise object to the trial of such action, and submits the case upon the merits, he will be held to have impliedly consented to the splitting of said single cause of action.

Fox v. Althorp, 40 Oh St 322.

Georgia Ry. & Power Co. v. Endsley, 167 Ga. 439.

Southern Pac. Ry. Co. v. U. S., 186 Fed. 737.

Louisville Bridge Co. v. L. & N. R. R. Co., 116 Ky. 258.

Cassiday v. Berkovitz, 169 Ky. 785.

In the instant case there is no allegation in the pleadings that the defendant interposed any objection in the Municipal Court to the splitting of said cause of action or to the trial of the action for property damage in that court, although the action for personal injury growing out of the same collision was begun first and was then pending in the Common Pleas Court.

The law of res adjudicata is based upon the principle of estoppel, and it is well settled that, where a judgment is relied upon

as an estoppel, the pleader must allege facts necessary to make the defense complete, and every fact essential to the estoppel must be alleged with certainty. In this case, the judgment in the Municipal Court would not constitute an estoppel if the defendant consented to the trial of that action separate and apart from the action then pending for personal injury; therefore, the fact that the defendant did not consent was a fact essential to the estoppel, and the defendant having failed to plead that fact, and the fair inference or presumption being to the contrary, his pleading did not state facts which constituted an estoppel, and the trial court was in error in determining from the pleadings that the judgment in the Municipal Court was a bar to plaintiff's action in the Common Pleas Court for personal injury resulting from such collision.

It is stated in the brief of the defendant that he did object in the Municipal Court to the splitting of said cause of action and to the trial of the action in the Municipal Court, because there was pending in the Common Pleas Court an action to recover for personal injuries suffered in said collision, and there is some intimation that that question was duly presented to the Municipal Court and passed upon; and that gives rise to the query as to whether the defendant, by submitting to the Municipal Court the question of the right of plaintiff to split said cause of action and failing to prosecute error to the judgment of that court, has precluded himself from relitigating that question in the Common Pleas Court.

As to that, we, of course, express no opinion; but we call the attention of counsel to a decision of the Supreme Court of Washington, where in it is said in the syllabus that—

"1. The pendency of another action growing out of the same transaction is ground for the abatement of the second action, but never for the abatement of the first action.

"2. A defendant against whom two actions arising from the same transaction were begun waives his right to object to splitting the cause of action by failure to demur or plead in the second action to the pendency of the first, or by failure to appeal from an adverse judgment in the second action."

Brice v. Starr, 161 Pac. 347.

For error in granting the motion of the defendant and rendering judgment in his favor, said judgment is reversed and the cause remanded.

PARDEE, PJ, and FUNK, J, concur in judgment.