Ewing, J.
In the first four cases covered by this opinion each defendant has filed a motion to require plaintiff to separately state and number the causes of action contained in the petition. In the other two cases the motion, inaccurately entitled *431 a motion to reform and modify the petition, is in substance a motion to strike various matters from the petition. The judge presiding in Court Room No. 1 (Judge Terrell) has referred these motions to me upon information found in the briefs that the author of this opinion had sustained a similar motion in a like case while presiding in Room 1 during the January term of 1933. Such a ruling was in fact then made — indeed, it is my recollection that there were several like rulings in similar cases arising from the Ellington fire. The cases now presented for consideration are typical of approximately sixty such cases now pending-in this court.
The petitions in the first four cases briefly summarized allege that defendants owned and operated apartment buildings known as “The Ellington Apartments”; that plaintiffs were tenants therein; that defendants negligently permitted gas to escape from defective piping and to accumulate in such buildings in such quantities as to constitute a fire hazard whereby explosion and fire resulted by which the buildings were destroyed; that defendants further negligently failed to comply with city ordinances requiring adequate fire escapes to be provided and maintained on said buildings; and that as a proximate result of such acts of negligence plaintiff suffered personal injuries and also the loss of furniture, clothing, keepsakes and other chattel property, including in certain of the petitions, jewelry and money. The motions in these four cases are of course based on the contention that two causes of action are thus alleged and the plaintiffs by their opposing briefs contend that these petitions allege but one cause of action involving damage to both person and property.
The last two petitions above entitled are based solely on loss of chattel property, with no claim for personal injuries, but contain allegations of negligence corresponding to the first four petitions. In these two cases the motions are to strike out all allegations concerning the ordinances requiring fire escapes and alleging the absence of fire escapes as a contributing cause of plaintiff’s loss.
*432 The briefs in support of the motions cite no authority except the reference to the ruling of the present court above mentioned, in which case no opinion was filed. Plaintiffs in the Stevens, Kramer and Jackson cases rely upon the decision in Mayfield v. Kovac, Jr., 41 Ohio App., 310. In the Desnoyer case plaintiff’s brief similarly cites only one case, Bilikan v. Railway & Light Company, 10 N. P. (N. S.), 561. The pertinent doctrine of both these decisions, as stated in the sylalbus of Mayfield v. Kovac, is:
“Where by a single tort, an individual is injured in his person and property at one and the same moment, such wrong gives rise to but one cause of action.”
While the doctrine thus announced was at one time vigorously disputed, and the contrary view seems still to be the law of New York, and of England, there is no doubt it is the prevalent American doctrine, and the case cited, Mayfield v. Kovac, was decided in this appellate district and would therefore in a proper case be binding on this court.
But the petitions now under consideration are not based on a single negligent act nor upon the violation of a single duty, but clearly allege tortious conduct of two distinct types, involving violation of clearly distinguishable duties, the permitting of gas to escape and to accumulate so as to constitute a fire hazard being violative of the common law duty, and the failure to install adequate fire escapes being alleged to be in violation of the municipal ordinances, thus being negligence per se.
To determine whether averments of contemporaneous violation of these two duties with resulting damages to both person and property, constitute one or two causes of action requires a correct conception of what constitutes a cause of action. Pomeroy in his Remedies, at Section 347, gives the following definition:
“The cause of action as it appears in the complaint when properly pleaded, will always be the facts from which the plaintiff’s primary right and the defendant’s corresponding duty have arisen, together with the facts which constitute the defendant’s delict or act of wrong.”
*433 To conform sufficiently to the requirements of Code pleading, a cause of action in negligence, viewed adjectively, will always consist (1) of averments of facts (usually relational) from which the law implies a right in favor of plaintiff and the corresponding duty owed by defendant with respect to some interest or interests of plaintiff for invasion of which an action for damages is maintainable; (2) of averments showing violation of such duty; (3) of averments showing that plaintiff has suffered financial damage as the proximate result of such violation of duty. But the boundaries of the cause of action thus adjectively presented can be determined only by reference to the substantive principles which determine the extent and limitations of the right and duty thus implied. He who seeks to found his demand for redress upon any particular right and duty must bring himself and the injury of which he complains within the boundaries thus fixed by the substantive law. When the negligence complained of is the violation of a statute or ordinance passed in the exercise of the police power, the claimant must bring himself and his invaded pecuniary interest within the class which such legislation was designed to protect.
In the cases now under consideration the duty not to create and maintain a fire hazard, and not to subject plaintiff to damage caused by such hazard, extended of course both to the person and the chattels of all persons whom defendants knew or in the exercise of ordinary care should have foreseen might be harmed by violation of that duty.
But it has been held repeatedly in this state that statutes requiring fire escapes are enacted solely for the protection of life and limb and in furtherance of human safety. Lee v. Smith, 42 O. S., 458, at 460; Rose v. King, 49 O. S., 213, the first syllabus and at page 226; 54 O. S. Cincinnati v. Steinkamp at page 296.
Similar holdings appear in most, if not all American states and the court has found no decision anywhere to the contrary. A like holding was made in Seattle v. Hinckley, 40 Wash. 468 in regard to an ordinance of the city of Seattle requiring fire escapes and it is of course self *434 evident that ordinances and statutes on this subject stand on the same footing. The phrase “fire escape” itself indicates that such device is for the purpose of facilitating human escape and egress from burning buildings.
It is therefore clear that the averments with respect to the absence of fire escapes cannot rightfully be incorporated in a cause of action for destruction or damage of chattels.
It follows that the petitions in the first four cases contain two causes of action in the first of which, the claim for personal injuries, both claims of negligence may be asserted, and in the second of which, for chattel loss sustained, the plaintiff should be limited to the averments showing the negligence by which plaintiffs claim the fire was caused. Similiarly in the last two cases all averments of the existence and violation of the ordinances with respect to fire escapes are ordered stricken out as superfluous, irrelevant and prejudicial.
In some of the motions, probably by inadvertence, defendants also included a motion to strike out averments as to certain ordinances regulating the location and manner of installing gas meters in certain buildings. This legislation was undoubtedly for the purpose of preventing fire and to facilitate turning off the gas during fires and accordingly has a logical place in either cause of action. So much of the motions as apply to that subject is overruled.
Finally the motion in the Desnoyer case contains a second request that the items of furniture and chattel property claimed to have been lost be separately itemized and valued. The reasonableness of this request is so evident as to require no citation of authority for granting it, but it will be noted that in the Bilikan case above cited, Judge Kinkead granted a similar motion and required itemization of various damages claimed to plaintiff’s horse, buggy and harness..
Exceptions are ordered noted for plaintiff in each of these cases.