**BROWN, Admr v BAUMAN**

Ohio Appeals, 6th Dist, Lucas Co

No 2978. Decided Nov 5, 1934

Chester A. Meck, Toledo, and Samuel N. Young, Toledo, for plaintiff in error.

William A. Finn, Toledo, and Wm. H. McLellan, Toledo, for defendant in error.

**OPINION**

By RICHARDS, J.

An answer was filed, and when the case was reached for trial it was contended by counsel for defendant that the action was one to recover for personal injuries and not one to recover for death by wrongful act. We can not agree with that contention. The manifest purpose of the pleader, judging by the averments of the petition, was not to recover damages for personal injuries suffered during the two days elapsing between the injury and the death, but to recover for wrongful death. In no fewer than seven places in the original petition the averment, in slightly differing phraseology, is to the effect that the decedent re-

ceived injuries in the collision which caused his death resulting proximately therefrom.

In view of the contentions made by counsel for defendant when the case was reached for trial, the plaintiff was granted leave to file an amended petition, which he did on December 13, 1933, the only material difference between that petition and the original being that the amended petition sets forth the names and ages of the next of kin surviving as beneficiaries. That amendment being made more than two years after the date of the collision and death, it is contended that the action is barred by the statute of limitations and for that reason the trial court granted the motion and rendered judgment in favor of the defendant. It is hardly conceivable that the plaintiff would have been claiming in his petition $25,000.00 for the injuries suffered during the two days that decedent survived, and it is worthy of note that the precipe attached to the petition, directed that summons should be endorsed: "Action for money for wrongful death; amount claimed $25,000.00." While the pleading was defective in failing to name the next of kin, it is clearly drawn for the purpose of recovering damages resulting from the death of the decedent caused by the negligence of the defendant, all of which appears from the averments.

An amended petition setting forth the names of the beneficiaries is not pleading a new or separate cause of action, and when such amended pleading is filed, the averments relate back to the date of the filing of the original petition and the claim would not be barred by the statute of limitations. It is true that an action might have been brought to recover damages for the injuries suffered during the two days, but the averments of the petition leave no room for a just contention that such was the purport of the pleading. That an amendment of the character which was made may properly be made after the running of the statute of limitations is settled beyond question. The general principle is stated in 13 Ohio Jur., 574, where it is stated that a petition in an action of this character may be amended after the expiration of the two-year period of limitation, if the amendment does not change the cause of action essentially from that which the pleader had attempted to set up in the original petition. To the same effect is 31 Ohio Jur., 957. It has often been held that an amendment setting forth the names of beneficiaries is not adding new parties nor stating a new cause of action in a case for

wrongful death. We call attention to a few of the authorities:

Neubeck, Admr. v Lynch, 37 L.R.A., N.S., 813;

Love v Southern Ry. Co., 108 Tenn., 104;

Whitson v Tennessee Ry. Co., 40 SW, 2nd, 396 (Tenn.);

Huntington & Broad Top R. R. v Decker, 84 Penn. St., 419;

South Carolina R. R. v Hix, Admr., 68 Ga., 572;

**Moran v Hines, 115 Oh St, 226, 229;**

Missouri, Kansas & Texas R. R. v Wulf, 226 U. S., 570.

The authorities showing the right to such amendment after the running of the statute of limitations are collected in a note, 74 A.L.R., 1269.

Because of error in rendering judgment on the pleadings in favor of the defendant, the judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

WILLIAMS and LLOYD, JJ; concur.