## WILMERS et v VAIL

Ohio Common Pleas, Hamilton Co

Decided July 29, 1936

Hightower & O'Brien, Cincinnati, and John H. Clippinger, Cincinnati, for plaintiffs.

Little & Little, Cincinnati, and Robert M. Hair, Cincinnati, for defendant.

## OPINION

By BAILEY, J.

On March 9, 1934, the plaintiffs filed this suit to recover $194.40 for damages to the automobile belonging to the plaintiff Wilmers, which damage was alleged to have resulted from negligence on the part of the defendant, on October 15, 1933. The plaintiff insurance company was joined as a plaintiff because it had insured said automobile and was obligated to reimburse the plaintiff Wilmers for part of his loss.

An amended petition was filed, to which the defendant demurred on the ground of misjoinder of plaintiffs and said demurrer was overruled.

On February 29, 1936, plaintiffs filed by leave a second amended petition, again setting up said claim of $194.40 for damages to the automobile, and for the first time setting up an additional claim for damages for personal injuries to the plaintiff Wilmers.

Defendant demurs to said second amended petition on the grounds that the court has no jurisdiction of the subject matter of the action, and that said claim for personal injuries was not brought in time.

The first ground of demurrer is overruled, the court having jurisdiction of the subject matter and of the parties.

On oral argument it was agreed that the demurrer could not be sustained, as the petition was good at least as to the claim originally made for property damage. The matter, therefore, was submitted as on a motion to strike out the allegations as to damages for personal injuries, and the question is whether said claim for damages for personal injuries is barred by the two year limitation in §11224-1 GC, the claim not having been set up until more than two years after the injuries were suffered.

The defendant claims that the second amended petition sets up a new cause of action, citing **Hilts v Ludwig, 46 Oh St, 373,** and other authorities.

The plaintiff relies upon **Mayfield v Kobac, 41 Oh Ap, 310, (1932) (11 Abs 277),** in which case the court said, page 313:

"There is a conflict in the authorities whether, under the circumstances indicated, such single tort gives rise to but a single cause of action, but the great weight of authority sustains the rule that a single tort which causes injury both to the person and property of an individual gives rise to but one cause of action, and that a single cause of action cannot be split into several actions.

"We do not find that the question has been authoritatively settled in Ohio, but we think that the rule just indicated furthers simplicity and directness in the determination of controversial rights and tends to bring litigation to an end speedily and economically, and at the same time do substantial justice."

In **Billikan v Railway Co., 10 N.P. (N.S.), 561,** a very learned judge and author discussed this subject and came to the conclusion that but one cause of action resulted though the plaintiff might suffer both personal injuries and property damage. Judge Dillon, of the Franklin County Common Pleas Court, who had formerly ruled otherwise, joined in the conclusions reached by Judge Kinkead. Nothing could be added to the learning expressed by Judge Kinkead in the case above cited.

Concluding then that there is but one cause of action, is the claim for damages for personal injuries barred because it was not set up in the orignial petition?

According to the weight of authority in Ohio the plaintiff is not thus barred, **Lockland Lumber Co. v Robinson, 116 Oh St, 725,** holding that a petition on an open account for building material may be amended by setting up a mechanic's lien after the limitation had run. And see **Brown v Bauman, 49 Oh Ap, 49, (18 Abs 38), 2 O.O., 210; Kaley v R. R. Co., 11 N.P. (N.S.) 303; Kimberlin v Stoley, 18 Abs 140; Cincinnati Traction Co. v Smith, 14 Oh Ap, 389;** Motion to certify overruled, **19 O.L.R., 103.**

The demurrer, treated as a motion to strike out the allegation of damage for personal injuries, must therefore be overruled. On the trial of the case the jury may be required to answer interrogatories as to how much damage, if any, is assessed as property damage, and how much for personal injuries, and a reviewing court could render final judgment accordingly if it should be determined that the plaintiff's claim is barred, but if the motion now made is sustained, the plaintiffs would have to try their case for property damage, and even if successful, could only recover by

appealing from a favorable judgment in order to obtain a trial on the issue as to personal injuries.