Taft, C. J.
The predicament, in which plaintiff finds himself, probably resulted from the dicta in Vasu v. Kohlers, Inc. (1945), 145 Ohio St., 321, 61 N. E. (2d), 707, 166 A. L. R., 855, *377 which are even incorporated in paragraph four and inferentially supported by paragraph six of the syllabus of that case and which indicate that negligence of a defendant, causing both property damages and personal injuries to a defendant, could result in a separate cause of action against such defendant for personal injuries and a separate cause of action against such defendant for property damages.
Those dicta were first questioned in the unanimous decision of this court in Markota v. East Ohio Gas Co. (1951), 154 Ohio St., 546, 97 N. E. (2d), 13, which, in paragraph three of the syllabus, distinguishes the portions of the Vasu case relating to paragraphs four and six of such syllabus as representing dicta (see opinion relating thereto, at page 551). See also Mansker v. Dealers Transport Co. (1953), 160 Ohio St., 255, 116 N. E. (2d), 3.
Rush v. City of Maple Heights (1958), 167 Ohio St., 221, 147 N. E. (2d), 599, specifically overrules paragraph four of the syllabus of Vasu v. Kohlers, supra (145 Ohio St., 321), and states in its syllabus:
“Where a person suffers both personal injuries and property damage as a result of the same wrongful act, only a single cause of action arises, the different injuries occasioned thereby being separate items of damage from such act. * * *”
The Rush case was followed in Hoosier Casualty Co. v. Davis (1961), 172 Ohio St., 5, 173 N. E. (2d), 349. Paragraph three of the syllabus of that case, which limits paragraph two of its syllabus, clearly indicates that the rule stated in the syllabus of the Rush case applies even where an insurer of the injured party is required under its policy to pay part of the damages suffered by the injured party. In other words, the injured party has a single cause of action against the tortfeasor, and no separate cause of action arises by reason of payment to the injured party by his insurer.
It follows that plaintiff, in the instant ease, had a single cause of action for damages to his person and damages to his property.
Paragraphs one and two of the syllabus of Vasu v. Kohlers, supra (145 Ohio St., 321), read in part:
*378 “1. If the owner of a single cause of action arising out of a single tortious act brings an action against his tort-feasor, he may have but one recovery; and, in case he fails to recover, he may not maintain a subsequent action on the same cause of action, even though he has failed to include his entire cause of action or elements of damage in his original action.
“2. If an owner of a single cause of action has a recovery thereon, the cause of action is merged in the judgment * *
Thus, defendant contends that plaintiff's single cause of action for property damage and personal injuries merged in the judgment for $100 which plaintiff sought and recovered in the Municipal Court and bars plaixxtiff’s suit ixx the Common Pleas Court for further damages on that single cause of action.
That is the precise holding in Rush v. Maple Heights, supra (167 Ohio St., 221).
Unfortunately, there are dicta in the opinion in the Rush case (at pages 233 and 234) which ixxdicate that, where an insured has a cause of actioxx against a tort-feasor for damage to property and for personal injuries and his insurer pays him for damage to property pursuant to the requirements of an insurance policy, such insurer might acquire a cause of action against the tox-t-feasor for the amount so paid, separate from its insured’s cause of action against that tox-t-feasor for the remainder of the iixsured’s damages.
Those who favor the coxxclusion that an insurer can have such a separate cause of action also claim that such a conclusion is suppox-ted by the words of paragraph sis of the syllabus of Vasu v. Kohlers, supra (145 Ohio St., 321). See also the opinion in that case, at pages 339 to 342.
The coxxcurring opinion in Hoosier Casualty Co. v. Davis, supra (172 Ohio St., 5), was written for the specific pux-pose of pointing out that there was no longer any justification for concluding that there could be such a separate cause of action in the insurer.
Plaintiff endeavors to distinguish the Rush case on the ground that the Municipal Court action there involved was brought only by the plaintiff in that case, whereas the Municipal Court action involved in the instant case was prosecuted *379 by both the plaintiff and his subrogated insurer. However, that subrogated insurer, unlike the plaintiff, had had its claim against the defendant administrator rejected more than two months before the Municipal Court action was commenced. For that reason, the Municipal Court found against the insurer. See Section 2117.12, Revised Code. After the judgment for plaintiff for $100 and the judgment against his insurer, the situation in the instant case was identical with the situation in the Rush case.
The petition in the Municipal Court action brought by plaintiff and his insurer was verified only by one of the attorneys for the insurer and not by plaintiff or anyone purporting to do so for plaintiff. However, by receiving payment of and satisfying the judgment in his favor for $100, plaintiff certainly ratified the action of those attorneys in securing that judgment for him. There is no suggestion that those attorneys, who are his attorneys in this action, were not his attorneys in the Municipal Court action.
Plaintiff endeavors further to distinguish the Rush case on the ground that the property damage trial there involved was completed before the personal injury action there involved was commenced, whereas, in the instant case, the personal injury action was brought after answer day but before trial of the property damage action. However, the report of the Rush case indicates that the plea of res judicata was raised by the second amended petition and that the property damage action was tried well after the two-year statute of limitations would have barred the personal injury action. Furthermore, examination of the original record definitely confirms that in the Rush case the personal injury action was instituted long before the property damage action was tried.
It is argued that, when plaintiff’s personal injury action was instituted in the Common Pleas Court, defendant could have amended his answer in the property damage action so as to allege that the personal injury action was pending and was another action between the same parties for the same cause. See Sections 2309.08 and 2309.10, Revised Code, which read in part:
*380 Section 2309.08. “The defendant may demur to the petition only when it appears on its face that:
i i * # #
“(D) There is another action pending between the same parties for the same cause * *
Section 2309.10. “When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant has waived it * * * [with exceptions not applicable in instant case].”
By failing to so amend his answer, defendant certainly waived his right to object that the concurrent pendency of the property damage and personal injury actions represented a splitting of plaintiff’s single cause of action. See Russell v. Drake (1956), 164 Ohio St., 520, 132 N. E. (2d), 467. Also, defendant thereby in effect consented to the splitting of plaintiff’s single cause of action against defendant into a cause of action in the Municipal Court for recovery of damages to plaintiff’s property and a cause of action in the Common Pleas Court for recovery on account of plaintiff’s personal injuries. Plaintiff contends that defendant may not thereafter successfully maintain that a judgment for plaintiff on the property damage claim will bar plaintiff’s personal injury action as res judicata.
In Georgia Railway & Power Co. v. Endsley (1928), 167 Ga., 439, 145 S. E., 851, 62 A. L. R., 256, the plaintiff sued in a Municipal Court to recover for property damage claimed to have been caused by the negligence of the defendant therein. On the next day, that plaintiff sued in the Superior Court to recover for personal injuries claimed to have been caused by the same negligence. In neither case did the defendant plead that another action was pending for the same cause of action. The plaintiff obtained a judgment in the Municipal Court for $50, which was paid. Thereafter, the defendant filed a pleading in the Superior Court setting up the Municipal Court judgment as a bar to the personal injury action. The Superior Court held that it was and rendered judgment for defendant. In reversing that judgment, the Supreme Court of Georgia stated, at page 446:
*381 “* * * the rule [against splitting causes of action] * * * is primarily for the benefit of defendants, and being for their benefit they may waive it; this waiver will be presumed if a plaintiff maintains two suits against a defendant at the same time for different items of the same demand, and he [defendant] fails to interpose timely objection.”
To the same effect are Cassidy v. Berkovitz (1916), 169 Ky., 785, 185 S. W., 129; Mayfield v. Kovac (1932), 41 Ohio App., 310, 181 N. E., 28; Todd v. Central Petroleum Co. (1942), 155 Kan., 249, 124 P. (2d), 704; Glazier v. Singer (1939), 257 App. Div., 84, 12 N. Y. Supp. (2d), 245; Stapp v. Andrews (1938), 172 Tenn., 610, 113 S. W. (2d), 749; annotation, 62 A. L. R., 263; and 1 American Jurisprudence (2d) (1962), 647 and 651, Sections 127 and 132.
In Fox v. Althorp (1883), 40 Ohio St., 322, the syllabus reads:
“A tenant covenanted to pay as rent ‘$1,200 per annum, payable in monthly installments of $100 at the first of each and every month.’ Installments for four months being due and unpaid, the landlord began, at the same time, in a justice’s court two suits- — one for November and December, the other for January and February — the bill of particulars in each case referring to the same lease. A trial as to November and December resulted in a verdict for the plaintiff for $80, and at the same time, on the same evidence, judgment for the same sum was rendered in each case against the tenant. He appealed the case for January and February; paid the other judgment and then pleaded it in bar in the Common Pleas. The record shows no objection by him, in any form, in the justice’s court, to the separate suits on the same covenant. Held: As the case was, the plea was insufficient.”
In the opinion by Granger, C. J., it is stated:
“* * * where such severance is forbidden and a plea of former recovery sustained, the rule is based upon two grounds: First, a plaintiff is presumed to have included in his cause of action everything due to him thereon up to the time when he began suit, and, after judgment rendered, he is estopped from claiming that more was due. And, second, to prevent oppres *382 sion of a defendant by compelling Mm to pay unnecessary costs. The record before us discloses that Fox, at the moment he began suit, asked for all the rent then due, although he prayed for four judgments instead of one. Hence he did nothing to raise an estoppel. * * * the four actions were for overdue rent under the same lease, but it does not appear that Althorp made any objection to the severance * * *. * * * the fair presumption is that he acquiesced in the severance as enabling them to promptly try their dispute in a justice’s court. * * * When it is evident that a defense is purely technical, the conduct of the defendant presenting it should be scrutinized by the court, and if it does not appear that he set it up at his first opportunity, it ought not afterwards to avail him.”
In the instant case, it was apparent to defendant before trial of the Municipal Court action that plaintiff was endeavoring to recover only for his property damage in the Municipal Court action and only for his personal injuries in the Common Pleas Court action. Therefore, to use the words of Judge Granger in Fox v. Althorp, supra (40 Ohio St., 322), (1) there was “nothing to raise an estoppel” against plaintiff’s claim that something was due him for his personal injuries, (2) since “it does not appear that” defendant in the instant case “made any objection to the severance” of plaintiff’s single cause of action “the fair presumption is that” defendant “acquiesced in the severance as enabling them to promptly try their” property damage dispute in a Municipal Court, and (3) since this “defense is purely technical * * * and it does not appear that” defendant “set it up at his first opportunity, it ought not afterward to avail him.”
If defendant was really interested in preventing plaintiff from splitting his single cause of action (as he should have been if he wanted to avoid the risk of having the issues of negligence, contributory negligence and proximate cause finally determined against him by a Municipal Court judgment) defendant had ample opportunity to do so by amending his answer before trial of the Municipal Court action. If he was not sufficiently interested to do that, the reasons for giving defendant *383 a right to prevent that splitting will hardly justify a conclusion that such splitting should require destruction of the greater part of plaintiff’s single cause of action for defendant’s negligence.
In our opinion, where one’s person and property are both injured by the negligence of another and where the former, as plaintiff, brings an action against the latter, as defendant, to recover for damages to his property only, and where, before the trial of such action, plaintiff brings a subsequent action against such defendant to recover for damages only to his person, and where the defendant does not object to either action on the ground that there is another action pending between the same parties for the same cause until after judgment is rendered for the plaintiff against the defendant in the property damage action, the defendant will be considered as having impliedly consented to the splitting of plaintiff’s single cause of action, and such defendant cannot thereafter plead the judgment in the property damage action as a bar to the personal injury action.
In other words, we conclude that a tort-feasor’s waiver of his right to object to the simultaneous maintenance against him on a single cause of action of an action to recover for property damages and an action to recover for personal injuries will amount to consent by him that there can be a separate recovery on such single cause of action for property damage and a separate recovery thereon for personal injuries.
We are fortified in this conclusion by Section 2325.12, Revised Code, which reads:
“When, by mistake of the pleader, the amount claimed in the pleading and recovered is less than the true amount then due, the party injured by the mistake may recover the balance by civil action, without costs.”
The foregoing statute indicates an intention by the General Assembly that the usual rule, that there can be but one recovery on a single cause of action, shall not always apply.
We recognize that, in Rush v. Maple Heights, supra (167 Ohio St., 221), this court might have considered whether a failure of the tort-feasor to object by answer to the simul *384 taneous pendency of the property damage and personal injury actions there involved would amount to a waiver of his right to rely upon a subsequent judgment for the plaintiff in the property damage action as a bar to the plaintiff’s personal injury action.
However, both the report of the Rush case and the briefs filed therein indicate that that question was not raised or considered by this court in rendering its decision in that case. Apparently, the plaintiff did not raise that question because she was relying upon the dicta in Vasu v. Kohlers, supra (145 Ohio St., 321), indicating that her claim for property damage represented a cause of action separate from her claim for personal injuries. In the instant case, this question is specifically raised by plaintiff’s reply which alleges “that should it be found that the allegation of res ad judicata of * * * defendant’s answer is true, then * # # defendant waived any objection or defense thereby by failing to assert the same in the action in the * * * Municipal Court, although he well knew at the time that both actions had been * * * filed and were pending and * * * that this action was pending, at the time of trial in the action * * * in the Municipal Court * *
In State, ex rel. Gordon, City Atty., v. Rhodes, Mayor (1952), 158 Ohio St., 129, 107 N. E. (2d), 206, paragraph one of the syllabus reads:
“A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of the adjudication.”
It may be observed that, if the defendant had not been served with summons in the Common Pleas Court action in the instant case before the Municipal Court action was tried, we could not make the distinction which we are making of Rush v. City of Maple Heights, supra. Hence, that decision might still apply so as to bar recovery in a personal injury action which was not brought before the plaintiff secured a judgment for property damages only.
Because of the allegations in the reply and the proof estab *385 listing defendant’s acquiescence in plaintiff’s splitting of Ms single cause of action, plaintiff’s judgment for property damage will not bar plaintiff in tMs action for personal injuries.

Judgment affirmed.

Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.
Zimmerman, J., concurs in the judgment.